[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW
This matter comes before the court on defendant's motion to strike plaintiff's claim to the jury list. The defendant asserts that an action against a labor union for breach of its duty of fair representation ("DFR") has no right to a jury trial under Connecticut law.
Both the United States and Connecticut Constitutions CT Page 6872 guarantee the right to a jury trial in civil actions. Under the Connecticut Constitution, if there was a right to a trial by jury in 1818, when the Constitution was adopted, that right then remains intact. This right exists not only in cases which existed at common law and at the time of the adoption of the Constitutional provisions preserving it, but also in cases substantially, similar thereto, Skinner vs. Angliker, 211 Conn. 370,374 (1989).
As a general rule, jury trials may be denied in purely statutory proceedings — the test, however, is the nature of the issue, not whether the action is statutory. Windham Community Memorial Hospital vs. Windham,32 Conn. Sup. 271, 273 (1975).
Since DFR is imposed by statute, and since unions were not suable in 1818 because they did not exist, the defendant argues that a jury trial should be denied.
The Supreme Court in Ross v. Bernhard, 396 U.S. 531
(1970) adopted a three prong test in determining whether there is a Seventh Amendment right to a jury trial. It stated that the Seventh Amendment guarantees a right to a jury trial not only in suits with common law origins but also in suits where legal rights are to be ascertained and determined. In a footnote it stated that the legal nature of an issue is determined by considering first, the premerger custom with reference so such questions; second, the remedy sought; and third, the practical abilities and limitations of juries.
In Caputo v. National Ass'n. of Letter Carriers,730 F. Sup. 1221 (E.D. 1990), the court recognized that the federal courts were divided on the question of whether a suit for breach of duty of fair representation sounds in equity or in law.
The first prong of the Ross (supra) test cannot be applied in this case because of the recent nature D.F.R. All cases have arisen after the merger of law and equity cases.
An analysis of the remedy sought in the complaint indicated that the claim is one for money damages rather than one sounding in equitable relief. Even if, however, an equitable claim was also made, there must still be a right to a jury trial on the legal claims which "must not be infringed by trying the legal issues as incidental to the equitable ones."
Recognizing that this case presents a close call as to the third prong, nonetheless a careful analysis indicated that the obvious complexities should not stand in the way of a CT Page 6873 jury trial.
This case certainly is not any more difficult than a myriad of cases constantly parading before our juries.
Motion to Strike is denied.
Mihalakos, J.