JOHN F. CANNING, ADMINISTRATOR (ESTATE OF
SHAUN CANNING), ET AL. *v.* BRIAN R. LENSINK,
COMMISSIONER OF MENTAL RETARDATION
(14259)

PETERS, C. J., SHEA, GLASS, COVELLO and BORDEN, Js.

Argued December 10, 1991—decision released March 3, 1992

*Carolyn K. Querijero,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellant (defendant).

*Stephen J. Errante,* with whom, on the brief, was *Stephen I. Traub,* for the appellees (plaintiffs).

SHEA, J. After the trial court had denied the defendant commissioner's motion to strike this wrongful death action from the jury docket to which it had been claimed, the commissioner successfully applied for certification that "a substantial public interest is involved, and that delay may work a substantial injustice" in order to appeal from this interlocutory ruling pursuant to General Statutes § 52-265a. See Practice Book §§ 4177, 4178. In the appeal the sole issue is whether there is a right to a jury trial in an action for damages brought against the commissioner of mental retardation pursuant to General Statutes § 19a-24.[1] We conclude that in such an action there is no such right.

---

[1] "[General Statutes] Sec. 19a-24. (Formerly Sec. 19-5a). CLAIMS FOR DAMAGES AGAINST COMMISSIONERS OF HEALTH SERVICES AND MENTAL RETARDATION AND CERTAIN OFFICIALS, EMPLOYEES, COUNCIL MEMBERS AND TRUSTEES. IMMUNITY. INDEMNIFICATION. (a) Any claim for damages in excess of one thousand five hundred dollars on account of any official act or omission of the commissioner of health services or the commissioner of mental retardation or any member of their staffs, any member of the council on tuberculosis control, hospital care and rehabilitation, the council on mental retardation or either of the boards of trustees of the state training schools or any member of any regional advisory and planning council or any superintendent, director, employee or staff member of any chronic disease hospital or state training school or state mental retardation region shall be brought as a civil action against the commissioners in their official capacities and said commissioners shall be represented therein by the attorney general in the manner provided in chapter 35. Damages recovered in such action shall be a proper charge against the general fund of the state and shall be paid in the manner provided in section 3-117. Any such claim for damages not in excess of one thousand five hundred dollars shall be presented to the claims commissioner in accordance with chapter 53 if such claim is otherwise cognizable by the claims commissioner.

"(b) Neither the commissioner of health services nor the commissioner of mental retardation nor any member of their staffs, shall be held per-

The plaintiff, John Canning,[2] brought this wrongful death action as administrator of the estate of his son, Shaun Canning, who died on March 14, 1987, after having been admitted as a patient on March 6, 1987, to a residential facility known as California House operated by the department of mental retardation. The complaint alleges that Shaun's general health was good when he entered the facility, but that, after he became ill on March 11, 1987, the negligent care afforded him by the commissioner, his agents, staff and employees resulted in Shaun's death three days later. The plaintiff claims damages on behalf of his son's estate for the

sonally liable in any civil action for damages on account of any official act or omission of any superintendent, director, employee or staff member of any chronic disease hospital or state training school or state mental retardation region nor on account of any official act or omission of such commissioners or member of their staffs or any member of the councils or boards of trustees created by sections 17a-270 and 17a-271.

"(c) No employee or staff member of said commissioners or any superintendent, director, employee or staff member of any chronic disease hospital or state training school or state mental retardation region shall be held personally liable in any civil action for damages on account of any official act or omission not wanton or wilful of such superintendent, director, employee or staff member.

"(d) The state of Connecticut shall indemnify and save harmless each member of the councils or boards of trustees established by sections 17a-270, 17a-271 and 17a-273 from all claims and demands that may accrue or be asserted by reason of any act of such councils or boards of trustees or any failure to act by such councils or boards of trustees where no malice, fraud or conflict of interest is found to exist. The provisions of this section shall be deemed to apply individually to each member of such councils or boards of trustees.

"(e) Any person to whom the provisions of subsection (b), (c) or (d) hereof are applicable and against whom any action shall be brought on account of any act alleged to be an official act or omission as aforesaid or any other act as to which protection is afforded by the provisions of this section shall be represented therein by the attorney general in the manner provided in chapter 35."

[2] The original complaint included claims by John Canning and Bridie Canning, individually, for loss of consortium relating to the death of their son. The amended complaint omitted these claims, leaving John Canning, administrator, as the only plaintiff.

allegedly wrongful death of his son pursuant to the wrongful death statute, General Statutes § 52-555. The plaintiff claimed the case to the jury docket, and the commissioner moved to strike it from that docket.

In denying the commissioner's motion, the trial court concluded that the issues presented were "substantially of the same nature" as those triable to a jury prior to the adoption of our state constitution in 1818. *Swanson* v. *Boschen,* 143 Conn. 159, 165, 120 A.2d 546 (1959). Relying upon article first, § 19, of the state constitution, which provides that "[t]he right of trial by jury shall remain inviolate . . ." the court decided that the plaintiff was entitled to a jury trial and, accordingly, denied the commissioner's motion.

In his appeal the commissioner claims that there is no right of jury trial in this case because: (1) the state is the real defendant in any action brought against the commissioner pursuant to § 19a-24; (2) there is no right to a trial by jury in a suit against the state unless the legislature, in waiving the state's immunity, has provided such a right; and (3) no such right pertaining to a § 19a-24 action can be found. We agree with each of these contentions.

I

"We have long recognized the common-law principle that the state cannot be sued without its consent." *Sentner* v. *Board of Trustees,* 184 Conn. 339, 342, 439 A.2d 1033 (1981). "[B]ecause the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state." Id. The complaint in this action alleges that the commissioner is being sued in his official capacity under the authority of § 19a-24, subsection (b) of which precludes personal liability on his part "in any civil action for damages on account of any official act or omission of

any superintendent, director, employee or staff member of any . . . state mental retardation region . . . ."

The plaintiff argues that the paragraph of his complaint alleging that his son's death resulted from the "negligence of the defendant [c]ommissioner of [m]ental [r]etardation, his agents, staff and employees" may reasonably be construed to claim negligence on the part of the commissioner in his personal capacity, as well as his vicarious liability based upon the acts or omissions of the state employees involved in the operation of California House. Such a reading of the complaint, even if otherwise permissible, is precluded by subsection (a) of § 19a-24, which expressly requires that an action under the statute be brought against the commissioner in his official capacity. The complaint plainly indicates that the statute is the sole basis for the action.

## II

The trial court concluded that, whether or not an action for wrongful death was a recognized cause of action in this state at common law,[3] the underlying cause of action was based on negligence and the issues presented were "substantially of the same nature . . . as prior to 1818 would have been triable to a jury." *Swanson* v. *Boschen,* supra, 165. This court has recog-

---

[3] As an additional ground for granting its motion to strike the case from the jury docket, the commissioner claims that there is no right of jury trial in this suit because no statute prior to 1818 authorized an action for wrongful death and no such action was recognized at common law. See *Ecker* v. *West Hartford,* 205 Conn. 219, 226–31, 530 A.2d 1056 (1987); *Ladd* v. *Douglas Trucking Co.,* 203 Conn. 187, 191–92, 523 A.2d 1301 (1987). The trial court rejected this argument, however, on the ground that the determination of whether a jury trial is required depends on whether the action "is similar in nature to an action that could have been tried to a jury in 1818 when the state constitution was adopted." *Skinner* v. *Angliker,* 211 Conn. 370, 376, 559 A.2d 701 (1989). The court concluded that a wrongful death action satisfies that test. Our disposition of the appeal makes it unnecessary to resolve this issue.

nized that the constitutional right of jury trial in civil actions depends not on whether the cause of action is statutory, but upon whether it "has roots in the common law," when no equitable remedy is involved. *Skinner* v. *Angliker,* 211 Conn. 370, 375-76, 559 A.2d 701 (1989). In *Skinner,* however, we held that there was no right of jury trial in an action brought against the state pursuant to General Statutes § 31-51q for violation of the first amendment rights of an employee who had been discharged after complaining that he had witnessed other members of the staff abusing patients at a state mental hospital. We concluded that "[n]o principle of common law, prior to 1818, *allowed actions against the state* for wrongful discharge or related claims" and that "it cannot be maintained that under the common law in 1818 a jury trial was a matter of right for persons asserting a claim against the sovereign . . . ." Id., 377, 380. The United States Supreme Court has held similarly that the seventh amendment to the federal constitution, which provides a right of jury trial "[i]n [s]uits at common law," does not apply when the action is against the government, because, historically, any such action was barred by the common law doctrine of sovereign immunity. *Lehman* v. *Nakshian,* 453 U.S. 156, 162 n.9, 101 S. Ct. 2698, 69 L. Ed. 2d 548 (1981); *Glidden Co.* v. *Zdanok,* 370 U.S. 530, 572, 82 S. Ct. 1459, 8 L. Ed. 2d 671 (1962); *Galloway* v. *United States,* 319 U.S. 372, 388, 63 S. Ct. 1077, 87 L. Ed. 1458 (1943); *McElrath* v. *United States,* 102 U.S. 426, 440, 26 L. Ed. 189 (1880).

The trial court attempted to distinguish *Skinner* on the ground that that suit was based on a statute, § 31-51q, for which there was no equivalent cause of action at common law in this state, unlike the present case, which arises out of negligence. The basis for our decision in *Skinner,* however, is the circumstance that the two officials who were made defendants were

deemed to represent the state and, therefore, to partake of its sovereign immunity. "While the plaintiff's arguments may be valid in a suit against a private employer, it is important to remember that the instant action is one against the sovereign." *Skinner* v. *Angliker,* supra, 380.

The plaintiff contends that the common law of this state in 1818 imposed liability on public officials for the negligent performance of their duties and cites several cases in which such claims were tried to juries prior to that date. *Ackley* v. *Chester,* 5 Day 221 (1811) (action against sheriff for negligent handling and return of execution); *Carrington* v. *Parsons,* 4 Day 45 (1809) (action against sheriff for negligence in permitting debtor to escape from jail); *Stoyel* v. *Lawrence,* 3 Day 1 (1807) (action against sheriff for false imprisonment arising from arrest of debtor pursuant to expired execution); *Avery* v. *Bulkly,* 1 Root 275 (1791) (action against militia officers for trespass, assault and battery committed by troops under their command after their failure to prevent such acts). In none of these cases, however, was the defense of sovereign immunity raised nor does it appear that any recovery would have been satisfied from the state treasury.

In contrast, as we have concluded in part I of this opinion, the plaintiff's action against the commissioner is based wholly on § 19a-24, which provides in subsection (a) that "[d]amages recovered in such action shall be a proper charge against the general fund of the state . . ." thus implicating the state's sovereign immunity. Furthermore, it is doubtful that the complaint can reasonably be construed to allege any acts of negligence by the commissioner in his individual capacity rather than in his official capacity as the head of the department of mental retardation.[4] The conduct alleged is that

---

[4] The allegations of negligence in the complaint are as follows:

"13. The decedent Shaun Canning's death was the direct and proximate

of the state employees involved in caring for patients at California House, for which the statute makes the commissioner, as the representative of the state, vicariously liable. At common law, "[g]enerally government officers are not *vicariously* responsible for the acts of their subordinates any more than a foreman or factory superintendent would be, though there is an exception—now possibly losing ground—in the case of sheriffs, marshals, and constables who are liable for the acts of their deputies." (Emphasis in original). 5 F. Harper, F. James & O. Gray, Law of Torts (2d Ed.) § 29.8. We adhere to our conclusion in *Skinner* that, because the doctrine of sovereign immunity barred actions against the state prior to the adoption of the state constitution in 1818, there is no constitutional right of jury trial in civil actions based on statutes effectively waiving such immunity in particular situations. *Skinner* v. *Angliker,* supra, 382.

---

result of the negligence of the defendant Commissioner of Mental Retardation, his agents, staff and employees, in that:

"a. they departed from the accepted standards of care in like conditions for the providing of proper care for the decedent as set forth herein.

"b. they failed to adequately provide for the proper health care of Shaun Canning, a mentally retarded person, as mandated by the Connecticut General Statutes § 19a-469 and § 17-206 (c).

"c. no physician saw nor attended Shaun Canning throughout his respite stay at the California House from his admission to that facility until the time of [his] death.

"d. there were no fluid watches or weight watches arranged for Shaun Canning despite the information on the admission information sheet.

"e. there were no tests done when Shaun Canning refused to attend his daily obligation at the New Haven Center Regional Rehabilitation Building.

"f. prescription medication was given to Shaun Canning without a physician examination or order.

"g. there was no intervention when Shaun Canning repeatedly refused to have his temperature taken.

"h. staffing was inadequate with regard to the third shift at California House.

"i. the decedent was not properly monitored during the night before his death even though the decedent was known to be ill."

## III

Some statutory waivers of sovereign immunity enacted by the legislature expressly preclude a right of jury trial. See, e.g., General Statutes § 4-61 (a) (actions against the state on highway and public works contracts), and § 4-160 (e) (actions against the state authorized by the claims commissioner). One statute provides such a right explicitly. General Statutes § 13a-144 (damages for injuries sustained on state highways or sidewalks). In the absence of such a specification, we have concluded that the legislature intended that the action should be tried without a jury. "When the state, by statute, waives its immunity to suit, as it has in § [19a-24], the right to a jury trial cannot be implied, but rather, must be affirmatively expressed." *Skinner* v. *Angliker,* supra, 381. Since § 19a-24 contains no indication of a legislative intention to provide a right of jury trial, we conclude that no such right exists in an action pursuant to the statute.

The plaintiff does not contend that § 19a-24 or any other statute explicitly provides a right of jury trial in this action. He maintains, however, that the statute should be construed as substituting for the common law personal liability of negligent state employees in mental hospitals, which subsections (b) and (c) eliminate, the liability of the commissioner and recourse to state funds for payment of any judgment. Such an interpretation would treat § 19a-24 as, in effect, an indemnification statute, which would not alter the right of jury trial in an action against the indemnitee for his negligence. Indemnification of state officers and employees for losses resulting from claims of negligence against them is expressly provided by General Statutes § 5-141d.[5]

[5] "[General Statutes] Sec. 5-141d. INDEMNIFICATION OF STATE OFFICERS AND EMPLOYEES. DUTIES OF ATTORNEY GENERAL. EXCEPTIONS. (a) The state shall save harmless and indemnify any state officer or employee, as

Furthermore, subsection (d) of § 19a-24 requires the state to "indemnify and save harmless each member of the councils or boards of trustees" that are established by statute to perform certain functions relating to the department of mental retardation. The absence of such standard indemnification language in those subsections of § 19a-24 pertaining to the commissioner

defined in section 4-141, and any member of the public defender services commission from financial loss and expense arising out of any claim, demand, suit or judgment by reason of his alleged negligence or alleged deprivation of any person's civil rights or other act or omission resulting in damage or injury, if the officer, employee or member is found to have been acting in the discharge of his duties or within the scope of his employment and such act or omission is found not to have been wanton, reckless or malicious.

"(b) The state, through the attorney general, shall provide for the defense of any such state officer, employee or member in any civil action or proceeding in any state or federal court arising out of any alleged act, omission or deprivation which occurred or is alleged to have occurred while the officer, employee or member was acting in the discharge of his duties or in the scope of his employment, except that the state shall not be required to provide for such a defense whenever the attorney general, based on his investigation of the facts and circumstances of the case, determines that it would be inappropriate to do so and he so notifies the officer, employee or member in writing.

"(c) Legal fees and costs incurred as a result of the retention by any such officer, employee or member of an attorney to defend his interests in any such civil action or proceeding shall be borne by the state only in those cases where (1) the attorney general has stated in writing to the officer, employee or member, pursuant to subsection (b), that the state will not provide an attorney to defend the interests of the officer, employee or member, and (2) the officer, employee or member is thereafter found to have acted in the discharge of his duties or in the scope of his employment, and not to have acted wantonly, recklessly or maliciously. Such legal fees and costs incurred by a state officer or employee shall be paid to the officer or employee only after the final disposition of the suit, claim or demand and only in such amounts as shall be determined by the attorney general to be reasonable. In determining whether such amounts are reasonable the attorney general may consider whether it was appropriate for a group of officers, employees or members to be represented by the same counsel.

"(d) The provisions of this section shall not be applicable to any state officer or employee to the extent he has a right to indemnification under any other section of the general statutes."

indicates that different consequences were intended. Those consequences are the substitution of the state, represented by the commissioner, for the negligent employee as the defendant, and the resulting absence of a right of jury trial because of the state's sovereign immunity.

The ruling of the trial court is reversed and the case is remanded with direction to grant the motion to strike the case from the jury docket.

In this opinion the other justices concurred.