[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE FROM JURY DOCKET
The plaintiff has brought suit against his former employer, the defendant, alleging that his employment was terminated in 1988 for exercising his free speech rights. He charges that the defendant in so doing violated Sec. 31-51q of the Connecticut General Statutes, and he has claimed his case for trial to a jury.
Before the court is the defendant's motion to strike the case from the jury list. The defendant relies on Sec. 52-215 of our General Statutes in asserting that the plaintiff is not entitled to trial by jury on the claim he advances. Sec. 52-215 excludes, inter alia, from the right of trial by jury "all . . . special statutory proceedings which, prior to January 1, 1880, were not triable by jury." The defendant argues that Sec. 31-51q was not enacted until 1983, and Connecticut, until at least 1980 (Sheets v.Teddy's Frosted Foods, Inc., 179 Conn. 471 (1980)), did not recognize any common law cause of action based on wrongful employee CT Page 6983 discharge.
Recognition of a common law tort claim for wrongful discharge has received increasing approval in recent years. Magnan v.Anaconda Industries, Inc., 193 Conn. 558, 565 (1984). Justice Hull in an analogous action touched upon the underlying philosophy, reminding us that "our modern law of torts has its origin in the common law actions of trespass and trespass on the case" Ford v.Blue Cross Blue Shield of Connecticut, Inc., 216 Conn. 40, 52
(1990)). It is, in other words, trespass on the case that has as a forerunner provided redressible relief for a variety of tortious injuries:
 "The common law action of trespass on the case . . . may be regarded as the ancestor of the modern tort action based on negligence. The action generally lay where existing forms of action gave no remedy for a particular injury, and was an outgrowth of the principle that whenever the law gives a right or prohibits an injury, it will also afford a remedy . . . As a general rule, when a person does an act which is wrongful, and an injury to another results from it as a natural and probable consequence, an action on the case will lie."
1 Am.Jur.2d, Actions, Sec. 23 and 24.
Arguably, then, the theory upon which recovery is based in actions brought under Sec. 31-51q has its ancestral roots in the common law action of trespass on the case. Ford v. Blue Cross Blue Shield of Connecticut, Inc., supra 52-53.
Where an action existed at common law and involved a legal as opposed to an equitable remedy, "the right to a jury trial exists, and the legislature may not curtail that right either directly or indirectly." Skinner v. Angliker, 211 Conn. 370, 376 (1989). Moreover, since the legislature did not specifically deny the right to a jury trial in Sec. 31-51q cases, as it has done in some other statutes, an assumption that the legislature intended to permit a jury trial in such suits when directed, as here, against a private employer is not without merit. Id., 380.
Accordingly, the defendant's motion to strike the instant CT Page 6984 action from the jury docket is denied.