[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE FROM JURY DOCKET # 105
This is an employment discrimination brought pursuant to General Statutes § 46a-100[1] against the named defendant, which is a state agency. The plaintiff claimed a jury trial, and the defendant has now moved to strike the case from the jury docket on the basis of its contention that there is no right to a jury trial in a suit against the state unless the legislature, in waiving the state's immunity, has explicitly provided for such a right. The plaintiff, relying on the trial court decision in Stedman v.Konover Construction Corp. , Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 457003 (December 6, 1994; Holzberg, J.), contends that because an action pursuant to § 46a-100 is akin to the common law tort of trespass on the case, which existed prior to 1818, the date of the adoption of the Connecticut Constitution, she is entitled to a jury trial in this case as well.
"[I]n determining whether a party has a right to a trial by jury under the state constitution and § 52-215, the court must ascertain whether the action being tried is similar in nature to an action that could have been tried to a jury in 1818. . . ." Skinner v. Angliker, 211 Conn. 370, 375-76, CT Page 1158559 A.2d 701 (1989). "No principle of common law, prior to 1818, allowedactions against the state for wrongful discharge or related claims. Such actions, with or without a jury, simply did not exist against the state in 1818." (Emphasis in original.) Id., 377. Thus, even if a claim under § 46a-100 is similar to an action which existed at common law, that action could not have been brought against the state. "Since it cannot be maintained that under the common law in 1818 a jury trial was a matter of right for persons asserting a claim against the sovereign, the right to a jury trial in this case will exist only if the legislature . . . has made the right applicable." Skinner v.Angliker, supra, 211 Conn. 380.
"When the state, by statute, waives its immunity to suit . . . the right to a jury trial cannot be implied, but rather, must be affirmatively expressed." Canning v. Lensink, 221 Conn. 346, 354,603 A.2d 1155 (1992), quoting Skinner v. Angliker, supra,211 Conn. 381. Section 46a-100 contains no provision regarding trial by jury. "In the absence of such a specification, we have concluded that the legislature intended that the action should be tried without a jury." Canning v. Lensink, supra, 221 Conn. 354. Therefore, no right to a trial by jury exists in an action against the state under § 46a-100.
Although acknowledging that it was a "close question," one superior court has held that an action under § 46a-100 is substantially similar to trespass on the case, a common law cause of action available in Connecticut prior to 1818. It also determined that the remedy of § 46a-100 was legal rather than equitable. It therefore concluded that there was right to a jury trial in such a case under the state constitution. Stedman v.Konover Construction Corp. , Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 457003 (December 6, 1994; Holzberg, J.). Assuming that Stedman, which involved an action against a private employer, was correctly decided, there is still no support for the contention that such a cause of action against the state existed in 1818, and it is quite clear that the statutes do not explicitly provide for a jury trial in such a case.
The defendant's motion to strike from the jury docket is therefore granted.
Jonathan E. Silbert, Judge CT Page 1159