[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE FROM JURY DOCKET
The plaintiff, Clayton K. Morse, as the administrator of the Estate of Sarah B. Morse, seeks damages for the wrongful death of his daughter pursuant to General Statutes § 52-555. The defendants in this action are Norwich Hospital, a mental health facility operated by the State of Connecticut Department of Mental Health and Addiction Services, and Albert J. Solnit, M.D., the Commissioner of the State of Connecticut Department of Mental Health and Addiction Services.[1]
From February 12, 1995, until her death on March 1, 1995, the decedent was a patient at Norwich Hospital for the treatment of anorexia nervosa. On February 25, 1995, while still under the care of the department of Mental Health and Addiction services, the decedent was admitted as an inpatient to the William W. Backus Hospital, where she was to receive twenty-four hour one to one supervision. On March 1, 1995, while left unattended, the decedent escaped from Backus Hospital into the nearby woods, and consequently died from hypothermia.
On February 6, 1997, the plaintiff filed a five count complaint for the death of his daughter, alleging various violations of General Statutes §§ 17a-540, et seq., Patient's Bill of Rights. On November 20, 1998, the defendants, State of CT Page 1515 Connecticut and Commissioner Albert J. Solnit, M.D., moved to strike the case from the jury docket on the basis that the plaintiff is not entitled to a jury trial as to these state defendants. The defendants also submitted a supporting memorandum of law. On December 13, 1998, the plaintiff filed a motion in opposition and a memorandum of law in support.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . ." (Citation omitted; internal quotation marks omitted.) Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214, 618 A.2d 25 (1992).
"The constitution of Connecticut, article first, § 19, provides that [t]he right of trial by jury shall remain inviolate. That provision guarantees the right to a jury trial in all cases for which such a right existed at the time of the adoption of that constitutional provision in 1818." (Internal quotation marks omitted.) L R Realty v. Connecticut NationalBank, 246 Conn. 1, 9, 715 A.2d 748 (1998). "[T]he right to a jury trial exists both in cases in which it existed at common law at the time of the adoption of the constitutional provisions preserving it and in cases substantially similar thereto." (Emphasis added.) Ford v. Blue Cross Blue Shield ofConnecticut, Inc., 216 Conn. 40, 50, 578 A.2d 1054 (1990).
The defendants argue that there is no right to a jury trial in a suit against the state unless the legislature, in waiving the state's sovereign immunity has provided such a right. In support of their position the defendants rely on Skinner v.Ansgliker, 211 Conn. 370, 559 A.2d 701 (1989), where the Connecticut Supreme Court held that: "[I]t cannot be maintained that under the common law in 1818 a jury trial was a matter of right for persons asserting a claim against the sovereign, the right to a jury trial . . . will exist only if the legislature . . . has made the right applicable." Skinner v.Angliker, supra, 211 Conn. 380.
The plaintiff seeks to distinguish his case from Skinner on the basis that unlike Skinner, where the suit was based on a statute for which there was no equivalent cause of action at common law, the rights delineated in General Statutes § CT Page 151617a-540 et seq., existed prior to 1818 as rights which were afforded to all Connecticut citizens.
However, in Cannine v. Lensink, 221 Conn. 346, 603 A.2d 1155
(199 that the basis for its decision inSkinner was the fact that "the two officials who were made defendants were deemed to represent the state and, therefore, to partake of its sovereign immunity." Canning v. Lensink, supra,221 Conn. 351-52. Thus, "[w]hile the plaintiff's argument may be valid in a suit against a private employer, it is important to remember that the instant action is one against the sovereign." Id., 352.
"Like a waiver of immunity itself, which must be unequivocally expressed . . . this Court has long decided that limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." (Internal quotation marks omitted.) Skinner v.Angliker, supra, 211 Conn. 380-81.
In the present case, General Statutes § 17a-540, et. seq., contains no provision regarding trial by jury. In the absence of such a specification, we have concluded that the legislature intended that the action should be tried without a jury. Canning v. Lensink, supra, 221 Conn. 354. Therefore, no right to a trial by jury exists in an action against the state under § 17a-540, et seq.
The court finds, however, that there is no reason to deny the plaintiff a jury trial as to the other two non-state defendants. See Swan v. Residential Management Services, Superior Court, judicial district of Waterbury, Docket No. 127097 (April 29, 1997, Doherty, J.) (19 Conn. L. Rptr. 348). Because two separate trials would be duplicative and an uneconomical use of judicial resources, the court orders that the instant action be tried to a jury, provided that the court, and not the jury, shall be the trier of the facts concerning the claims against the state defendants.
Accordingly, the motion to strike from the jury docket is denied.
___________________________ D. Michael Hurley Judge Trial Referee CT Page 1517