[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE AND/OR DISMISS JURY CLAIM (#110)
The defendant, the State of Connecticut, Department of Transportation (DOT) has moved to strike or dismiss the plaintiffs claim to the jury list, arguing that General Statutes § 46a-100, which waives the state's sovereign immunity in employment discrimination cases, does not confer a right to a jury trial.
For the reasons that follow, the defendant's motion is granted and the plaintiffs claim is stricken from the jury list.
The plaintiffs complaint alleges the following facts:
The plaintiff, Elizabeth Trantolo, began working for DOT in 1988. She alleges that during her employment, her supervisor harassed her with sexually inappropriate remarks and sexually offensive touching. The plaintiff claims that when she complained about this misconduct, her supervisor retaliated against her by denying her a promotion, prohibited her from participation in certain personnel decisions, and threatened her with the loss of her job.
The plaintiff filed a substituted complaint dated August 19, 1998, alleging that the DOT's conduct created a "sexually offensive and hostile work environment."[1] As a result, she maintains that she has suffered mental anguish, physical and emotional distress, humiliation, embarrassment, pain and suffering, and loss of wages and benefits. The plaintiff filed a CT Page 7082 claim for a jury trial on October 5, 1998. The defendant moved to strike or dismiss the plaintiffs request for a jury trial, claiming that the court lacks subject matter jurisdiction because a "partial waiver of sovereign immunity contained in Conn. Gen. Stat. § 46a-100 . . . does not expressly entitle the plaintiff to a jury trial."
The defendant has entitled its motion a "motion to strike and/or dismiss" the plaintiffs claim for a jury trial. The plaintiff argues that a "motion to dismiss is not the proper method to challenge [her] claim to the jury." The plaintiff has not attacked the procedural validity of a motion to strike, and states that a motion to strike is the "sole means by which the Defendant can address the jury claim."
Historically, a motion to strike pursuant to Practice Book (1978 Rev.) § 282 had been the proper vehicle to strike a jury claim. See, e.g., Skinner v. Analiker, 211 Conn. 370, 373,559 A.2d 701 (1989). Practice Book (1978 Rev.) § 282 provided, in pertinent part, that "[i]f in the opinion of the court a case or matter is improperly upon a trial or assignment list, it will be stricken from the list, or otherwise disposed of, at the discretion of the court." In 1996, however, Practice Book § 282 was repealed, and no provision was enacted in its place. See W. Moller W. Horton, 1 Connecticut Practice Series: Practice Book Annotated (1998 Rev. Sup. ) § 282, p. 270. The authors of that text suggested that as an alternative to filing a motion to strike from the jury list subsequent to the repeal of § 282, a party wishing to challenge an improper claim for a jury should file an objection to the claim under Practice Book § 14-10, formerly § 260. See id. At least one Superior Court judge has followed this suggestion. See People's Bank v.Dauphin, Superior Court, judicial district of Tolland at Rockyille, Docket No. 456120 (June 13, 1997, Rittenband, J.) (19 Conn. L. Rptr. 614). Similarly, this court will treat the defendant's motion to strike as an objection to the plaintiffs jury claim.
The plaintiff maintains that "the Defendant's motion to strike was not filed in a timely manner [and] must be rejected and stricken by the court." The plaintiff has cited two cases for the proposition that the court has the authority to deny or strike an untimely pleading; however, neither case discusses the timeliness of an objection to a jury claim. See Srager v. Koenig,42 Conn. App. 617, 619, 681 A.2d 323, cert. denied, CT Page 7083239 Conn. 935, 684 A.2d 709 (1996) (discussing imposition of sanctions because plaintiff failed to timely file an appellant's brief after receiving five extensions); Olshefski v. Stenner, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 351899 (September 27, 1990, Clark, J.) (2 Conn. L. Rptr. 477) (granting motion to strike because plaintiff failed to file an accompanying memorandum of law). Even if the defendant's objection, filed twenty-four days after the plaintiff claimed the case to the jury, may be deemed untimely, which is doubtful, the plaintiff has cited no authority for the proposition that such a delay renders the objection untimely. Therefore, the plaintiffs motion to strike the defendant's objection on this basis is denied.
General Statutes § 46a-100 provides, in pertinent part, that "[any person who has timely filed a complaint with the Commission on Human Rights and Opportunities in accordance with section 46a-82 and who has obtained a release from the commission in accordance with section 46a-83a or 46a-101, may also bring an action in the superior court." The plaintiff asserts that "no appellate court in our state has addressed whether the right to a jury trial exists where an employee of the State brings a sexual harassment claim in superior court" pursuant to General Statutes § 46a-100. The plaintiff argues that the court must determine "whether a party has a right to a jury trial under the state constitution" by deciding "whether the action being tried is similar in nature to an action that could have been tried to a jury in 1818.", citing Skinner v. Angliker, supra,211 Conn. 375-76. The plaintiff also cites Stedman v. Konover ConstructionCorp. , Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 457003 (December 6, 1994,Holzberg, J.) (13 Conn. L. Rptr. 79), for the proposition that a plaintiff can bring a claim for a jury trial pursuant to General Statutes § 46a- 100 because it "is substantially similar to trespass on the case, a common law cause of action available in Connecticut prior to 1818." Contrary to the plaintiffs contention, Stedman v. Konover Construction Corp. is inapposite. Rather, this court finds controlling Canning v. Lensink,221 Conn. 346, 603 A.2d 1155 (1992), which was relied upon in a Superior Court case addressing the identical issue in the present case, Massey v. Connecticut Mental Health, Superior Court, judicial district of New Haven at New Haven, Docket No. 388542 (February] 3, 1997, Silbert, J.) (19 Conn. L. Rptr. 89).
In Massey v. Connecticut Mental Health, the Superior Court CT Page 7084 determined that no right to a jury trial existed pursuant to General Statutes § 46a-100 because the legislature did not expressly grant the right when it enacted § 46a-100. Determining that Canning v. Lensink controlled, the court stated that "[w]hen the state, by statute, waives its sovereign immunity to suit . . . the right to a jury trial cannot be implied, but rather, must be affirmatively expressed." Massey v. ConnecticutMental Health, supra, 19 Conn. L. Rptr. 90. The Massey court determined that § "46a-100 contains no provision regarding trial by jury," and therefore, "no right to a trial by jury exists in an action against the state under § 46a-100." Id. The reasoning of Massey v. Connecticut Mental Health thoroughiy and persuasively addresses the issues raised in the present case. The court concludes that no right to a jury trial exists pursuant to General Statutes § 46a-100. Accordingly, the defendant's objection to the plaintiffs claim for a jury is sustained, and the case is ordered stricken from the jury list.
Teller, J.