[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Ruling on Objection to and Motion to Strike Claim for Jury Trial
The defendant, Yale University, objects to and moves to strike the claim of the plaintiffs, three physicians formerly employed by Yale, for a jury trial on count one of their complaint, which states a cause of action under General Statutes § 31-51q. Section 31-51q provides:
Any employer, including the state and any instrumentality or political subdivision thereof, who subjects any employee to discipline or discharge on account of the exercise by such employee of rights guaranteed by thefirst amendment to the United States Constitution or section 3, 4 or 14 of article first of the Constitution of the state, provided such activity does not substantially or materially interfere with the employee's bona fide job performance or the working relationship between the employee and the employer, shall be liable to such employee for damages caused by such discipline or discharge, including punitive damages, and for reasonable attorneys fees as part of the costs of any such action for damages . . .
Whether there is a right to a jury trial under § 31-51q in cases against a private employer is an issue that our Supreme Court left open in Skinner v. Angliker, 211 Conn. 370, 376 n. 7, 559 A.2d 701 (1989). Analysis of the issue requires the court to apply the rules of construction applicable to article first, § 19, of the Connecticut constitution, which provides that "[t]he right of trial by jury shall remain inviolate." The Supreme Court summarized these rules in AssociatedInvestment Company Limited Partnership v. Williams Associates IV,230 Conn. 148, 645 A.2d 505 (1994):
[Article first, § 19,] guarantees the right to a jury trial in all cases for which such a right existed at the time of the adoption of that constitutional provision in 1818 . . . Article first, § 19, also provides the right to a jury trial in cases that are substantially similar to cases for which the right to a jury trial existed at common law in CT Page 3076 1818 . . . Because at common law only legal claims were tried to a jury, the state constitutional right to a trial by jury does not extend to equitable claims . . . Accordingly, in determining whether a party has a right to a trial by jury under the state constitution and General Statutes § 52-215, we must ascertain whether the action being tried . . . has roots in the common law, and if so, whether the remedy involved was one in law or equity. If the action existed at common law and involved a legal remedy, the right to a jury trial exists and the legislature may not curtail that right either directly or indirectly . . . Consequently, statutory actions established since the adoption of the constitution of 1818 ordinarily fall outside the scope of the provision, unless, perhaps, the new remedy constitutes a modification of existing remedies, so vital as to unduly limit and violate the right of trial by jury.
(Internal quotation marks, footnotes, and citations omitted.) Id., 153-54. See also General Statutes § 52-215 (parties may claim a jury trial for various categories of cases including "civil actions involving such an issue of fact as, prior to January 1, 1880, would not present a question properly cognizable in equity").
In Ford v. Blue Cross and Blue Shield of Connecticut, 216 Conn. 40,578 A.2d 1054 (1990), our Supreme Court held that there was a right to jury trial for a cause of action arising under General Statutes §31-290a, which prohibits an employer from discharging or discriminating against an employee because he has filed a workers' compensation claim.[1] The court observed that § 31-290a is essentially a codification of the tort of wrongful discharge, which had its origins in the common law and was therefore triable to the jury.Id., 52-53.
The present case is controlled by Ford. It is true, as the defendant argues, that a cause of action under § 31-51q is not identical to the common-law tort of wrongful discharge because § 31-51q applies not only to employees at will but also to non-at-will employees and also because the constitutional right to free speech did not apply at common law to private employers such as the defendant. But similar distinctions existed in Ford and did not prevent the court from analogizing §31-290a to the tort of wrongful discharge. Section 31-290a, no less than § 31-51q, is available to non-at will employees. Similarly, the right to workers' compensation benefits, no less than the right to free speech in the private workplace, did not exist at common law. Although these features constitute statutory modifications of the common-law tort of wrongful discharge, the import of Ford is that they are a "modification of existing remedies, so vital as to unduly limit and violate the right CT Page 3077 of trial by jury." (Internal quotation marks omitted.) AssociatedInvestment Company Limited Partnership v. Williams Associates IV, supra,230 Conn. 154.
The defendant also observes that, even without the aid of § 31-290a, an at-will employee can now bring a common-law wrongful discharge action premised on a violation of the employee's right to workers' compensation, whereas a private employee still cannot bring a common-law wrongful discharge action alleging a violation of free speech rights without the aid of § 31-51q. But the test is not whether a common-law action can now also be brought in lieu of the statutory action, but whether the statutory action is "substantially similar to cases for which the right to a jury trial existed at common law in 1818." (Internal quotation marks omitted.) Associated Investment Company Limited Partnership v. WilliamsAssociates IV, supra, 230 Conn. 154. Under that test, as explained above, § 31-51q qualifies for a jury trial.
Finally, the defendant relies on Skinner v. Angliker, supra,211 Conn. 370, in which our Supreme Court held that there is no right to jury trial under § 31-51q in suits brought against the state. A review of Skinner, however, reveals that it turned on the special consideration that "to entitle one to a right to a jury trial, it is not enough that the nature of the plaintiff's action is legal rather than equitable; the action must also be brought against a defendant who was suable at common law in [1818]." (Internal quotation marks omitted.)Id., 378. Because the state was immune from suit in 1818 for wrongful discharge, there is no right to jury trial today. Skinner is thus distinguishable because the defendant there, unlike the defendant in the present case, was an historically immune party.
Accordingly, there is a right to jury trial under General Statutes § 31-51q. Accord Robinson v. Southern New England Telephone Co., Superior Court, judicial district of Middlesex, Docket No. 59448 (July 25, 1994, Gaffney, J.) (12 Conn.L.Rptr. 205).
The defendant's objection is overruled and the motion to strike is denied.
 Carl J. Schuman Judge, Superior Court