WILLIAM GILLESPY, JR. (By William Gillespy)

vs.

KING COLE STORES, INC., ET AL.

Court of Common Pleas     Fairfield County     File #37251

Present    Hon. SAMUEL C. SHAW, Judge.

Irving Elson,              Attorney for the Plaintiff.

George M. Hyman,        Attorney for the Defendants.

## MEMORANDUM FILED NOVEMBER 20, 1936.

SHAW, J. The plaintiff in this case obtained a verdict of $375. and the defendants have moved to set it aside on two grounds: 1. Said verdict was against and contrary to the facts and evidence presented in said cause; 2. Said verdict was against and contrary to the law applicable to the issues in said cause.

This is a case where the plaintiff, a minor, acting through his father, is seeking to recover from the defendants for injuries suffered from swallowing a piece of wire contained in a pie which was purchased from the defendants. The pie in question was purchased by the mother of the plaintiff who took it home and cut it into pieces, putting two of these pieces up for lunch which was sent to her husband and son in a factory in Bridgeport where they were both working. The son happened to get the piece of pie containing the wire and suffered the injuries set forth in the complaint and shown in

the testimony.

The defendants put on no evidence, but rested their case upon a question of law. The Court has no hesitation in finding that the evidence offered by the plaintiff fully warranted the verdict of the jury, which might very properly have been larger than it was, and that the only question to be considered in this memorandum is the one of law upon which the defendants relied.

The action is brought under **Section 4635 of the General Statutes, Implied warranties of quality.** It is admitted by the attorney for the defendants that the provision of the Statute might cover the sale of the pie to the mother of the plaintiff, if she were the injured party, but it is claimed that since there was no privity of contract between the young man who consumed the pie and the defendants, that there can be no recovery under the warranty. In other words, if the particular piece of pie in which the wire happened to be, had been eaten by the mother instead of the son that then there might be a recovery, but since this was not the case, the son cannot recover against the defendants.

An examination of the Connecticut cases discloses that this particular question of law has not been directly decided by our Supreme Court, although courts in other States have taken the narrow construction that a warranty such as this is limited to the purchaser of the food on the ground that there can be no privity of contract with the consumer, unless the consumer happens to be also the purchaser. The Court in this case did not take that view and charged the Jury as follows:

> "Now for what purpose does a woman, housewife, buy a pie? Does she buy it to take it home and eat it all herself or does she buy it for the use of her own family? I charge you that the contract here was broad enough to cover any reasonable use to which it might be anticipated that Mrs. Gillespy would put the pie, and it would be reasonable to suppose that she was buying it for family use. She didn't eat the pie there, she took it home with her. It was wrapped up and she took it home with her. So I believe that this warranty is broad enough to cover the consumption of the pie by the son in this par-

ticular action, even though it were based upon a contract entered into between the purchaser and the seller. In other words, Mrs. Gillespy when she bought the pie didn't agree to eat it up herself, she agreed that she would use it in the way that the ordinary purchaser of a pie would use it, and it is reasonable to suppose—I don't want to repeat too much—that a housewife, a mother, a mother who buys a pie takes it home not to be eaten by herself but to be eaten by her family as well as herself. So there, you see, is the real legal question in this particular case."

"I think there is no need of my going more at length into that particular phase of the matter. I have tried to give you what I think is the correct and broad interpretation of this particular statute. It was enacted, of course, for the protection of people who consume pies or any other particular article, and I believe that a proper and liberal interpretation of it warrants the statement that I have just given you, that it is broad enough to cover in this particular case the son as well as the mother, although the son did not buy the pie and his mother did not buy pie as his agent."

Since the jury was instructed by the Court as above indicated, it was justified in bringing in a verdict for the plaintiff.

For the reasons stated above, the defendants' motion to set aside the verdict is denied on both grounds.

Judgment has this day been entered for the plaintiff to recover $375 damages and costs.