ANDREW KORZEN, ADM'R.
Estate of Mitchell Korzen (Michael)

vs.

TOWN OF SOUTHBURY, ET AL.

Superior Court        New Haven County        File #54485

124 Conn. 674        MEMORANDUM FILED MAY 17, 1938.

Franklin Coeller, of New Haven, for the Plaintiff.

John T. Monzani, of Waterbury; Edward R. Brumley, of New Haven; Martin E. Gormley, of New Haven, for the Defendants.

FOSTER, J.   In paragraph 6 of the complaint it is alleged that "the said Seymour-Oxford-Southbury Road was on March 13, 1937, and for a long time prior thereto had been and still is a State aid and trunk line highway, and the said bridge was on said date and for a long time prior thereto a part of said State aid and trunk line highway . . ."

Section 1475 of the General Statutes, Revision of 1930, provides:  "Said commissioner, except as provided in Sec. 1635, shall exercise exclusive jurisdiction over all highways laid out, constructed, reconstructed or maintained by him, and shall have the same powers relating to the trunk line and state aid system of highways as are given to the selectmen of towns, the mayor and common council of any city and the warden and burgesses of any borough."

Section 1481 of the General Statutes, Revision of 1930, pro-

vides: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective road or bridge which it is the duty of the highway commissioner to keep in repair, or by reason of the lack of any railing or fence on the side of such bridge or part of such road which may be raised above the adjoining ground so as to be unsafe for travel, which railing or fence it shall be the duty of said highway commissioner to maintain, or, in case of death of any person by reason of any such neglect or default, the executor or administrator of such person, may bring a civil action to recover damages sustained thereby against the highway commissioner in the superior court or, in any case within its jurisdiction, the court of common pleas."

Section 65 of the Practice Act provides: "The exclusive remedy for misjoinder of parties is by motion."

The defendant Town of Southbury has filed its motion claiming a misjoinder of parties in that upon the face of the complaint is should not have been joined with the other defendants as a party defendant, and it moves that it be dropped as a defendant.

The plaintiff claims that, since in his complaint he claims that a nuisance was being maintained, the Town of Southbury may be held liable for the result of such nuisance. The nuisance of which complaint is made is alleged to be a defective road and bridge over which the Town of Southbury had no jurisdiction. Since the Town had no jurisdiction over the road and bridge, it is improperly made a party to the action.

The motion that the Town of Southbury be dropped as party defendant is granted.