Upon the motion of the plaintiff Dime Savings Bank of New York to strike this case from the jury list, the court rules as follows:
(1) As to the foreclosure proceeding the court exercises its discretion and orders that the motion to strike is granted. A foreclosure action is an equitable action and is not triable as of right to a jury. Hartford Federal Savings Loan Assoc. v. Lenczyk,153 Conn. 457, 463, 217 A.2d 694 (1966).
(2) "A counterclaim is an independent action . . . [and] the question presented is whether the defendants' counterclaim is essentially legal or essentially equitable." United States Trust Co. v. Bohart, supra, [sic] 45. The counterclaim must be read as a whole to determine whether the action is essentially legal or essentially equitable. Id.; Texaco, Inc. v. Golart, supra. [sic] "The form of the relief demanded is not dispositive." United States Trust Co. v. Bohart, supra. A claim of damages does not necessarily CT Page 5633 make the action essentially one at law. Id., 460, quoting Dick v. Dick, 167 Conn. 210, 222, 335 A.2d 110 (1974).
In this case, the first count alleges a violation of 12 U.S.C. § 170x (c)(5)(A) and 12 U.S.C. § 170x(c)(5)(B)(ii), the second count alleges a violation of 12 U.S.C. § 1464 (c)(1)(B), and the third count alleges a violation of General Statutes 36-243 (b). While the issue of the court's jurisdiction over these counts is not presently before the court, these statutes do not provide for a private right of action. Therefore, these three counts and the prayer for a stay of proceedings pending compliance with the disclosure statutes should not be considered for the purposes of determining whether the counterclaim is essentially legal or essentially equitable.
(3) The only count that remains to be considered is the fourth count which alleges a violation of CUTPA. There is currently a split of authority at the Superior Court level as to whether CUTPA claims are triable to a jury. A number of Superior Court cases have held that CUTPA claims are legal in nature. See Czarsty v. University of Bridgeport School of Law, [6 CSCR 856]4 CTLR 632 (August 28, 1991, Murray, J.); Northeast Savings, FA v. Plymouth Commons Realty Corp., [6 CSCR 684]4 CTLR 365 (July 5, 1991, Satter, J.); Mandanici v. Great Atlantic Pacific Tea Co., 4 CSCR 277 (February 22, 1989, Mihalakos, J.); Carabetta Enterprises, Inc. v. Francis, 1 CSCR 745 (September 12, 1986, Satter, J.).
Other cases have held that while CUTPA claims are legal in nature, they are collateral to foreclosure actions. See CBS Financial Corp. v. Levy, 3 CTLR 654 (May 13, 1991, Ryan, J.); CNB v. 1234 Summer St. Limited Partnership, [6 CSCR 116] 3 CTLR 44
(December 18, 1990, Lewis, J.); CBT Co. v. Trolley Barn Co., [6 CSCR 77] 2 CTLR 391 (September 12, 1991, Walsh, J.); Hebron Road Associates v. Alvord Associates, 4 CSCR 846 (October 8, 1989, Mack, J.); Gorbach Properties, Inc. v. Guilmette,4 CSCR 430 (May 3, 1989, Kulawiz, J.).
One case has held that a CUTPA claim is not a cause of action which was triable to a jury prior to 1818, and actions established by statute are generally not tried before a jury. Associate Investment Co. Ltd. Partnership v. Williams Associates IV,7 CSCR 343 (February 18, 1992, Maiocco, J.).
While the right the plaintiff seeks to enforce is statutory and legislatively created, the legislature cannot deprive a party to a legal common law cause of action of his right to a jury trial by simply codifying the cause of action. Skinner v. Angliker, supra, [sic] 375. "The test . . . is the nature of the issue, not whether the action is statutory." Windham Community Memorial Hospital v. Windham, 32 Conn. Sup. 271, 273, 350 A.2d 785 (C.P. 1975). CT Page 5634 Furthermore, as noted above, a counterclaim is an independent action for the purposes of determining whether there is a right to a jury trial, and therefore should not be considered as collateral to a foreclosure action. See U.S. Trust Co. v. Bohart, supra.
Following the majority of Superior Court cases, count four is essentially legal in nature and is entitled to be tried to a jury. Therefore, the motion to strike from the jury docket is denied.