[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY 181)
On February 24, 1987, the named plaintiff, Steven C. Crowley, initiated this class action individually and on behalf of all others similarly situated against the defendant, The Banking Center n/k/a Centerbank. This action arises from the plaintiff's allegation that the defendant failed to adjust variable rate residential mortgage loans according to the terms of the Mortgage Rider Agreement. The plaintiff claims that the defendant's failure to comply with the terms of the Mortgage Rider Agreement constitutes a breach of contract and a violation of the Connecticut Unfair Trade Practices Act (hereinafter "CUTPA"). Accordingly, the plaintiff seeks money damages and has claimed the matter to a jury.
On June 4, 1993, the defendant filed a memorandum of law in support of its motion to strike the plaintiff's CUTPA claim from the jury docket. On the same date, the plaintiff filed a memorandum of law in support of his right to a jury determination of his CUTPA claim. On June 8, 1993, the defendant filed a reply memorandum of law in support of its motion to strike from the jury docket. On June 10, 1993, the plaintiff filed a reply in support of his right to a jury determination of his CUTPA claim. On June 11, 1993, the defendant filed its motion to strike plaintiff's CUTPA claim from the jury docket.
 I
The defendant argues that CUTPA is purely a statutory right of action not triable before a jury prior to 1818 and, therefore, is not properly triable to a jury under General statutes 52-215. The defendant reasons that CUTPA creates a new statutory remedy for private litigants to pursue consumer injuries which are unlike any common law antecedent. The CT Page 7310 defendant maintains that since General Statutes 52-215 provides that there is no right to a jury trial for new statutory actions, there is no right to a jury trial under CUTPA.
The plaintiff makes two arguments in support of his claim that his CUTPA claim is properly triable to a jury. First, the plaintiff contends that although the specific issue has not been addressed by the Connecticut Supreme Court or the Appellate Court, these courts have treated CUTPA claims with the underlying assumption that they may be presented to a jury. Second, the plaintiff claims that his CUTPA claim is triable to a jury because the underlying breach of contract claim and the relief he is seeking are legal in nature, and thus, triable to a jury at common law.
There is currently a split of authority in the superior court as to whether CUTPA claims are triable to a jury. A number of superior court judges have held that CUTPA claims are properly tried to a jury. Dime Savings Bank of New York, FSB v. D'Agostino, 7 CSCR 989 (July 20, 1992, Celotto, J.); Northeast Savings, FA v. Plymouth Commons Realty Corp.,6 CSCR 684, 685 (July 3, 1991, Satter, J.); Mandanici v. Great Atlantic Pacific Tea Co., 4 CSCR 277 (February 22, 1989, Mihalakos, J.); Carabetta Enterprises, Inc. v. Francis, 1 CSCR 745
(September 12, 1986, Satter, J.). One superior court judge has held that CUTPA is not properly tried to a jury. Associated Investment Co. Ltd. Partnership v. Williams Associates IV,7 CSCR 343 (February 18, 1992, Maiocco, J.). The court, Maiocco, J., reasoned that CUTPA is not triable to a jury because it is a statutory cause of action "passed by the Connecticut Legislature in 1973. . . [and] [t]herefore, it is not a cause of action which was triable to the jury prior to 1818." Id. Other superior court judges, however, have looked to the underlying allegations and the relief requested which make up the CUTPA claim and have analyzed whether the CUTPA claim is merely ancillary to an equitable cause of action. Continental Bank v. Willard Square, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 3890975 (April 23, 1993); Czarsty v. University of Bridgeport School of Law, 6 CSCR 856 (August 28, 1992, Murray, J.); Connecticut National Bank v. 1234 Summer Street Limited Partnership, (December 18, 1990, Lewis, J.).
In Skinner v. Angliker, 211 Conn. 370, 559 A.2d 701
(1989), the Connecticut Supreme Court set forth the standard used to determine whether a party is entitled to a trial by CT Page 7311 jury.
 The constitution of Connecticut, article first, section 19, states that `[t]he right of trial by jury shall remain inviolate.' This particular provision of our constitution has been consistently construed by Connecticut courts to mean that if there was a right to a trial by jury at the time of the adoption of the provision, then that right remains intact. It is generally held that the right to a jury trial `exists not only in cases in which it existed at common law and at the time of the adoption of the constitutional provisions preserving it, but also exists in cases substantially similar thereto. . . .'
Skinner v. Angliker, supra, 373-74.
In general, purely statutory causes of action created subsequent to the adoption of the state constitution do not fall within its guarantee of a jury trial. Bishop v. Kelly,206 Conn. 608, 618, 539 A.2d 198 (1988). However, a party shall not be deprived of the constitutional right to try his cause to the jury if it involves a question which was properly triable to a jury prior to 1818. Skinner v. Angliker, supra, 375. "[S]tatutory actions established since the adoption of the constitution of 1818 ordinarily fall outside the scope of the provision, `unless, perhaps, the new remedy constitutes "a modification of existing remedies, so vital as to unduly limit and violate the right of trial by jury."'" (Citations omitted.) Ford v. Blue Cross Blue Shield of Connecticut, Inc., 216 Conn. 40,49-51, 578 A.2d 1054 (1990). "Thus, whether an issue emanating from a statutory proceeding is triable to a jury depends on our making an historical inquiry as to whether the issue itself or "its nearest historical analog" was a jury matter when our state constitution was adopted in 1818." Czarsty v. University of Bridgeport School of Law, supra, 857, citing Skinner v. Angliker, supra, 377-78, quoting Goar v. Compania Pervanna de Vapores, 688 F.2d 471 (5th Cir. 1982).
In the present action, the plaintiff's complaint is framed in two counts. The first count sounds in breach of contract and the second count in CUTPA. A breach of contract CT Page 7312 claim is clearly triable before a jury. Czarsty v. University of Bridgeport School of Law, supra, 857. "Prior to 1818, actions of debt, including actions to recover penalties were triable to a jury." Id., citing Pettis v. Dixon, Kirby, 179; Hylliard v. Nickols, 2 Root 176. In Swanson v. Boschen,143 Conn. 159, 163, 120 A.2d 546 (1956), the court explained that in an action to recover an overcharge of rent, "[t]he plaintiff's right of action to recover the overcharge of rent as well as the penalty, although created by statute, is nevertheless in essence a right founded upon debt."
In Commissioner of Environmental Protection v. Connecticut Bldg. Wrecking Co., 227 Conn. 175, ___ A.2d ___, the court said:
 A common law action in debt lies "where there [is] due a sum certain or capable of reduction to certainty." Anderson v. Bridgeport, 134 Conn. 260, 264, 56 A.2d 650
(1947). By contrast, the equitable common law action in assumpsit "might be brought to recover unliquidated damages." (Emphasis added.) Id., 264-65; see also Bailey v. Goshen, 32 Conn. 546, 549 (1865). A principal characteristic of an action in debt, therefore, is that the sum to be recovered is certain and liquidated: "Debt is an action founded on contract, express or implied, in which the certainty of the sum, or duty appears, and in which the plaintiff is to recover the sum in numero, and not in damages." 2 Z. Swift, A system of the Laws of the state of Connecticut (1796) p. 127.
Id. at p. 184.
The penalty requested in that complaint is certain in the sense it was tied to a contractual obligation or debt. Commissioner, supra, 184.
Essentially, the plaintiff claims that the defendant failed to properly adjust the interest rates on the loan and, therefore, breached the contract by overcharging the plaintiff. Moreover, the plaintiff's prayer for relief primarily seeks money damages pursuant to common law contract and CUTPA. Although the plaintiff also seeks other relief which is afforded CT Page 7313 under CUTPA, these remedies are merely collateral to the legal remedy of money damages. Thus, plaintiff's claim is rooted in our common law and is legal in nature.
Accordingly, the defendant's motion to strike from the jury docket is denied.
SANDRA VILARDI LEHENY, JUDGE