[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Federal National Mortgage Association brought a foreclosure action against the defendants, Robert and Donna Jessup (Jessups), Beverly L. Snyder (Snyder) and the United States of America, Department of Treasury, Internal Revenue Service. Snyder is the owner and CT Page 15344 in possession of the property. The Jessups allegedly received a loan for $85000 from the original lender, Progressive Consumers Federal Credit Union (Progressive). Snyder's property was security for the loan. Progressive then assigned the mortgage to Foster Mortgage Corporation (Foster) and in or around July of 1994, Foster assigned the mortgage to the plaintiff. The plaintiff alleges that as of May 1, 1992, Snyder is in default as there is an unpaid balance of $83630.95, plus interest from April 1, 1992 to the present as well as late charges and collection costs.
Snyder filed an answer which asserted ten special defenses and a six count counterclaim. In response, the plaintiff brought a motion to strike all the special defenses and all counts of the counterclaim. In a decision by this court[1], the plaintiff's motion to strike the special defenses alleging (1) unclean hands; (2) fraudulent misrepresentation, negligent misrepresentation, and innocent misrepresentation; and (3) equitable estoppel were denied. The plaintiff's motion to strike the first, second, and third count of the counterclaim which alleged (1) fraudulent misrepresentation; (2) negligent misrepresentation; and (3) innocent misrepresentation, respectively, was also denied.
On July 10, 2000, Snyder filed a certificate of closed pleadings and requested a jury trial. On July 18, 2000, the plaintiff filed a motion for summary judgment on the counterclaim together with a memorandum of law. On the same date, the plaintiff filed a motion to strike Snyder's claim for a jury trial, an objection to Snyder's claim for a jury trial and a motion to sever the counterclaim and/or separate trials. Snyder filed timely memoranda in opposition to all of the plaintiff's motions.
I. Motion for summary judgment
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "[A]ny party may move for summary judgment upon any counterclaim . . . as if it were an independent action." Practice Book § 17-44. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . ." (Citations omitted; internal quotation marks omitted.) Appleton v. Boardof Education of Stonington, 254 Conn. 205, 209, 757 A.2d 1059 (2000). "[T]he movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.) Witt v. St.Vincent's Medical Center, 252 Conn. 363, 372 n. 7, 746 A.2d 753 (2000). CT Page 15345
The plaintiff's motion for summary judgment responds to the three remaining counts of the defendant's counterclaim. The first count alleges fraudulent misrepresentation; the second count alleges negligent misrepresentation; and the third count alleges innocent misrepresentation. The plaintiff argues that the counterclaim fails to allege that the plaintiff was a party to the closing of the note or mortgage, and the counterclaim does not allege that the plaintiff was a tortfeasor. In her opposition to the summary judgment motion, Snyder argues that the plaintiff was the assignee of Progressive and therefore, may beheld accountable for Progressive's actions.
This court has previously held that the plaintiff, as an assignee, stood in the shoes of Progressive. "Because the plaintiff stands in the shoes of Progressive, the defendant may assert a counterclaim against the plaintiff if that counterclaim could have been asserted against Progressive." Federal National Mortgage Assn. v. Jessup, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 169417 (August 3, 1999, Hickey, J.). Therefore, the plaintiff's motion for summary judgment on the basis that it was not a party to the closing of the note or mortgage is denied.
The plaintiff further argues that Snyder's counterclaim is time barred due to the statute of limitations. Snyder argues that the statute of limitations does not apply on the grounds that the statute of limitations was tolled due to the continuous course of conduct doctrine.[2]
"[T}o support a finding of a continuing course of conduct that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such a wrong. . . .Where we have upheld a finding that a duty continued to exist after the cessation of the act or omission relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act." (Internal quotation marks omitted.) Blanchette v. Barrett, 229 Conn. 256,275, 640 A.2d 74 (1994). The continuous course of conduct doctrine is "conspicuously fact-bound." Id., 276.
"One type of special relationship that has been recognized is that of a fiduciary." Robinson v. Van Dyck Printing Co., Superior Court, judicial district of New Haven at New Haven. Docket No. 360526 (April 25, 2000,Devlin, J.). An attorney-client relationship imposes a fiduciary duty on the attorney. Beverly Hills Concepts, Inc. v. Schatz and Schatz,247 Conn. 48, 56, 717 A.2d 724 (1998). "[A] fiduciary or confidential CT Page 15346 relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other." (Internal quotation marks omitted.) Id. This court has previously stated that Progressive and its attorney were the sophisticated party at the closing and "knew or ought to have known exactly what was going to happen with regard to the defendant's title in the property." Federal NationalMortgage Assn. v. Jessup, supra, Docket No. 169417. Snyder and Progressive's attorney were in a fiduciary relationship with a continuing duty and therefore, the statute of limitations as to fraudulent, negligent and innocent misrepresentation may be tolled. Consequently, the plaintiff's motion for summary judgment is denied as a matter of law.
Furthermore, Snyder's allegations of fraud and misrepresentation in her counterclaim raise factual issues surrounding the note and mortgage, including issues of intent and motive. "[S]ummary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." Miller v. Bourgoin, 28 Conn. App. 491, 497, 613 A.2d 292, cert. denied, 223 Conn. 927, 614 A.2d 825 (1992). The parties' affidavits, combined with the factual allegations contained in the pleadings, establish that the present action involves complex issues of fact that are not proper for a summary judgment motion. Accordingly, the plaintiff's motion for summary judgment as to the counterclaim is denied.
II. Motion to sever the counterclaim
The plaintiff argues that its preference for an action in equity should not be denied because of Snyder's pending counterclaim and therefore, the foreclosure action and the counterclaim should be severed. Snyder asserts that severing the two claims precludes Snyder from her right of a set-off, and forces her to shoulder the burden and expense of two trials.
"[I]n any case in which several causes of action are joined in the same complaint, or as matter of counterclaim or set-off in the answer, if it appears to the court that they cannot all be conveniently heard together, the court may order a separate trial of any such cause of action . . . General Statutes § 52-97; Solomon v. Gilmore, 248 Conn. 769, 772
n. 7, 731 A.2d 280 (1999). "The decision to consolidate or sever the trial of different actions is within the sound discretion of the court. . . . Factors to consider are the volume and complexity of the issues, the nature of the evidence involved in each action, and pleading issues."Middletown v. 180 Johnson Road, Superior Court, judicial district of Middlesex at Middletown, Docket No. 082578 (January 6, 1998, Fineberg,J.). "[A] counterclaim is an independent action for the purposes of CT Page 15347 determining whether there is a right to a jury trial, and therefore should not be considered as collateral to a foreclosure action." DimeSavings Bank v. D'Agostino, Superior Court, judicial district of New Haven at New Haven, Docket No. 324066 (July 20, 1992, Celotto, J.). "In the interests of preserving both the [defendant's] right to a jury trial on the counterclaim and the plaintiff's right to expeditious resolution of the foreclosure action, the trial court has discretion to retain the foreclosure portion of the case on the court side list, while placing the counterclaim on the jury list. . . . In exercising that discretion, the trial court will necessarily have to weigh the possible preclusive consequences that may attach to a decision on the merits of the foreclosure action in advance of a jury trial on the counterclaim. The balancing of these various concerns is a matter for full consideration on remand." Connecticut National Bank v. Rytman, 241 Conn. 24, 54,694 A.2d 1246 (1997).
The court finds Snyder's lack of an opportunity to achieve a set-off unpersuasive. "Set-offs are classified as either legal or equitable. . . . Legal set-offs are creatures of statute. [T]he only remotely pertinent set-off statute is [General Statutes] § 52-139. That section permits set-offs for mutual debts between the parties but only if the original action is an action brought for the recovery of a debt. An action for foreclosure of a mortgage is not an action on a debt. Therefore, no legal set-off applies. . . ." (Internal quotation marks omitted.) Wojcik v.Wojcik, Superior Court, judicial district of Windham at Putnam, Docket No. 054671 (January 30, 1997, Sferrazza, J.). Consequently, despite Snyder's burden of two trials, the plaintiff is entitled to hear its foreclosure action in a court of equity. Therefore, the plaintiff's motion to sever the counterclaim and have two separate trials is granted.
III. Motion to strike from the jury trial list
"Former Practice Book § 282, authorizing the use of a motion to strike to remove a case from the jury list was repealed effective October 1, 1996." Wallingford v. Reliance Ins., Superior Court, judicial district of New Haven at New Haven, Docket No. 420955 (January 13, 2000, Silbert,J.). Therefore, the plaintiff's motion to strike is denied.
IV. Objection to claim for a jury trial
"The appropriate method for a challenge to a claim for jury trial is by an objection." Id. The plaintiff argues that Snyder's counterclaim is equitable and therefore, Snyder has no right to a trial by jury. Snyder asserts the counterclaim is legal in nature and therefore, she may have a jury trial as a matter of constitutional right. "If, upon proper CT Page 15348 analysis, the trial court determines that the counterclaim is primarily legal, the defendant who asserts it is entitled, as a matter of constitutional right, to a jury trial on the counterclaim." ConnecticutNational Bank v. Rytman, supra, 241 Conn. 53. The question for the court, therefore, is whether the nature of Snyder's counterclaim is essentially equitable or legal.
The Connecticut Supreme Court established the standard to determine if a party is entitled to a jury trial. "The constitution of Connecticut, article first, § 19, states that [t]he right of trial by jury shall remain inviolate. This particular provision of our constitution has been consistently construed by Connecticut courts to mean that if there was a right to a trial by jury at the time of the adoption of the provision [in 18181, then that right remains intact." (Internal quotation marks omitted.) Skinner v. Angliker, 211 Conn. 370, 373, 559 A.2d 701 (1989). "The test is whether the issue raised in the action is substantially of the same nature or is such an issue as prior to 1818 would have been triable to a jury." (Internal quotation marks omitted.) Federal DepositIns. Co. v. Voll, 38 Conn. App. 198, 204, 660 A.2d 358, cert. denied,235 Conn. 903, 665 A.2d 901 (1995). "This test requires an inquiry as to whether the course of action has roots in the common law, and if so, whether the remedy involved was one in law or equity. If the action existed at common law and involved a legal remedy, the right to a jury trial exists and the legislature may not curtail that right either directly or indirectly." Skinner v. Angliker, supra, 376.
It is well settled that the three counts of Snyder's counterclaim alleging fraudulent, negligent and innocent misrepresentation are founded on principles of common law. See generally 3 Restatement (Second), Torts §§ 525 et seq., p. 53 (1977). As such, these causes of action involve legal, not equitable, remedies. State v. Waterhouse, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 386011 (August 10, 1993, Walsh, J.) ("[Fraudulent misrepresentation] has its roots in the common law and its remedy is legal rather than equitable. . . . Since the nature of the claim is fraudulent misrepresentation, there is a right to a jury trial."); Milford v. Andresakis, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 047124 (October 30, 1998, Curran, J.) ("[A] claim for damages based upon negligent misrepresentation is legal in nature and may involve the right to a jury trial."). Additionally, "[t]he majority of the superior court cases. . . have held that there is no right to a jury trial in a foreclosure action . . ." (Internal quotation marks omitted.) The CadleCo. v. Batchelor, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 127811 (October 21, 1998, West, J.). Therefore, the plaintiff's objection to Snyder's claim for a jury trial is sustained as to the foreclosure and overruled as to the remaining three counts of the CT Page 15349 counterclaim.
In conclusion, the plaintiff's motion for summary judgment is denied and the plaintiff's motion to sever the counterclaim is granted. Furthermore, the plaintiff's objection to Snyder's claim for a jury trial as to the foreclosure action is sustained, and the objection as to the counterclaim is overruled.
HICKEY, J.