### SWIFT v. BERRY AND THE TOWN OF KENT.

Towns liable to double damages occasioned by the deficiency of their bridges.

ACTION upon the statute, entitled an act relating to bridges, declaring that there was an open public highway through the town of Kent, across Ousatonick river, over which there was a bridge, which was the duty of said town to keep and maintain in good repair; that said bridge had for a long time been out of repair and in a defective condition, through the negligence of said town, although they well knew of its deficiency, and that it was their duty to have repaired it; that on the 30th day of November A. D. 1791 said bridge was and for a long time

before had been in a rotten decayed state, so that it was unsafe passing it with horses and teams, which was well known to the inhabitants of said town, and that the plaintiff in attempting to cross it in the evening of said 3d of November with a span of horses worth £30 and a sleigh loaded with wheat, in pursuit of his lawful business, his horses fell through said bridge by reason of its rotten defective condition, and fell upon the rocks, about twenty feet, killed one of his horses and wounded the other so as to render him useless, also broke and destroyed his harness worth £4 lawful money, damage £40 lawful money; of all which the defendants had been duly notified, and that the defendants by force of said statute had become liable to pay him double damages, etc.

The defendants plead — Not guilty. Issue to the jury.

Verdict — That the defendants were guilty and for the plaintiff to recover £25 single damages, etc.

Motion in arrest of judgment — The insufficiency of the declaration; this being an action upon the statute for double damages, it is not alleged that notice in writing, under the hand of two witnesses had ever been given to any of the selectmen of said town of Kent; nor had any presentment ever been made to the County Court of said defective bridge, previous to the injury complained of, without which the plaintiff could not be entitled to double damages.

This motion in arrest was determined by the court to be insufficient, and judgment was for the plaintiff to recover double damages.

The statute is, that the inhabitants of the several towns in this state, shall make, build, keep and maintain in good and sufficient repair, all the needful highways and bridges within their respective townships, unless it belongs to any particular person or persons to maintain such bridge, etc. And if any person shall lose his life through the defect or insufficiency of any bridge or highway, in any township in this state, in

passing over such bridge, etc. after due warning given unto any of the selectmen of the town in which such defective bridge or highway is, or to the person who ought to maintain the same, in writing, under the hands of two witnesses, or a presentment made to the County Court of such defective way or bridge; that then the town or person, whose duty it is to keep in repair such ways or bridges, shall pay a fine of £100 to the parents, husband, wife or children or next of kin to the person killed. The warning or notice in writing aforesaid, respects only the forfeiture of £100 where life is lost.

The next paragraph, on which this action is laid, is, that if any person shall lose a limb, break a bone or receive any other bodily hurt, through or by means of such defect aforesaid, the town or person through whose neglect such hurt is done shall pay to the party so hurt or wounded, double damages; and the like satisfaction shall be made for any team, cart, carriage, horse or other beast of loading, in proportion to the damage sustained — to be recovered by action or information on the statute. This paragraph goes upon the idea that it is the duty of every town to know the condition of their highways and bridges, and to see them kept in good and sufficient repair, and for their negligence in this respect, they are subjected to double damages, and in that case no warning or notice in writing is necessary.