******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CHRISTIAN PEREZ ET AL. *v.* UNIVERSITY OF
CONNECTICUT ET AL.
(AC 38829)

DiPentima, C. J., and Lavine and Prescott, Js.

*Syllabus*

The named plaintiff, P, sought to recover damages from the defendant state of Connecticut for personal injuries he sustained following a slip and fall on the campus of the University of Connecticut. After the claims commissioner denied P's claim, the General Assembly authorized P to bring this action pursuant to statute (§ 4-159 [b] [1] [B] [ii]). The trial court granted the state's motion to strike the matter from the jury list on the basis of the statute (§ 4-160 [f]) that provides that "such actions shall be tried to the court without a jury." Thereafter, the matter was tried to the court, which rendered judgment in favor of the state. P appealed to this court claiming that the trial court improperly granted the state's motion to strike his action from the jury list. *Held*:

1. P's claim that he had a constitutional right to a jury trial under article first, § 19, of the Connecticut constitution was unavailing: to be entitled to a jury trial under article first, § 19, of the state constitution, the cause of action alleged must be the same or similar in nature to an action that could have been tried to a jury in 1818 and it must be brought against a defendant who was suable at common law in 1818, and given the common-law principle that the state cannot be sued without its consent and is entitled to sovereign immunity, P failed to establish that he would have been able to bring the present action seeking money damages against the state prior to 1818 and, therefore, the state constitution did not afford him a constitutional right to a jury trial in this case; moreover, the fact that a litigant was able to bring an action against a municipality prior to 1818 did not support P's claim that he had a right to a jury trial in the present case, as a municipality and the state are fundamentally different entities, and towns have no sovereign immunity and are capable of suing and being sued.

2. P could not prevail on his claim that he had a right to a jury trial pursuant to §§ 4-159 (c) and 4-160 (c), which was based on his claim that those statutes mandate that a litigant who is granted permission by the General Assembly to bring an action against the state pursuant to § 4-159 has the same rights as would a theoretical litigant who brought that action against a private person: it was clear from the plain language of § 4-159 (c) that the legislature did not intent to confer the right to a jury trial on P, or any other litigant authorized to bring a claim under § 4-159, which does not use the phrase "jury trial" or refer to a litigant's personal rights, but merely addresses the standard under which the General Assembly will decide whether to waive sovereign immunity; moreover, P's claim regarding § 4-160 (c) was undermined by the fact that a separate subsection of that same statute, namely, § 4-160 (f), expressly provides that actions brought against the state pursuant to § 4-159 shall be tried to the court, and the interpretation of § 4-160 (c) suggested by P was unreasonable because it would compel a result contrary to the plain language of § 4-160 (f), which evinced a clear legislative intent that actions brought against the state pursuant to the General Assembly's waiver of sovereign immunity must be tried to the court, not a jury.

Argued February 13—officially released May 29, 2018

*Procedural History*

Action seeking to recover damages for personal injuries sustained by the named plaintiff as a result of the defendants' alleged negligence, and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the court, *Bellis, J.*, dismissed the action as to the plaintiff Kleber O. Perez; thereafter, the court, *Arnold, J.*, dismissed the action as to the

named defendant; subsequently, the court, *Hon. George N. Thim*, judge trial referee, granted the state's motion to strike the action from the jury list; thereafter, the matter was tried to the court, *Hon. Edward F. Stodolink*, judge trial referee; judgment for the state, from which the named plaintiff appealed to this court. *Affirmed.*

*Lee Samowitz*, for the appellant (named plaintiff).

*Michael McKenna*, assistant attorney general, with whom, on the brief, was *George Jepsen*, attorney general, for the appellee (state).

*Opinion*

PRESCOTT, J. The issue in this appeal is whether the plaintiff Christian Perez[1] has the right to a jury trial in a negligence action for monetary damages against the defendant, the state of Connecticut.[2] The plaintiff was authorized to bring his action against the state by the General Assembly pursuant to General Statutes § 4-159 (b) (1) (B) (ii). Following a trial to the court, judgment was rendered in favor of the state. The plaintiff now appeals from the judgment, claiming that the court improperly granted the state's motion to strike his action from the jury list.[3] We affirm the judgment of the court.

The following facts and procedural history are relevant to the resolution of this appeal. On July 15, 2009, the plaintiff filed a claim with the Office of the Claims Commissioner against the state. The claim related to an incident that occurred on the University of Connecticut campus in Storrs on February 22, 2009. On that day, the plaintiff, then a full-time student at the University of Connecticut, fell on ice and injured his knee in a parking lot reserved for media vehicles near Gample Pavilion.

On June 22, 2012, the claims commissioner held a formal hearing on the plaintiff's claim. The claims commissioner subsequently denied the plaintiff's claim against the state on October 26, 2012. Pursuant to General Statutes § 4-158 (b), the plaintiff requested review by the General Assembly of the claims commissioner's denial of his claim.[4] On May 20, 2013, the General Assembly reviewed the plaintiff's claim, vacated the claims commissioner's denial, and adopted a resolution authorizing the plaintiff to "institute and prosecute to final judgment an action against the state to recover damages as compensation for injury to [his] person" pursuant to § 4-159 (b) (1) (B) (ii).[5]

On February 20, 2014, the plaintiff filed an action against both the University of Connecticut and the state of Connecticut in the judicial district of Fairfield seeking monetary damages. The plaintiff's action against the University of Connecticut subsequently was dismissed.[6] On February 10, 2015, the plaintiff filed a revised complaint against the remaining defendant, the state. Count one of the revised complaint alleged that the state had acted negligently in failing to properly clear the snow and ice in the parking lot in which the plaintiff fell. Count two alleged that the state had acted with reckless disregard for the safety and welfare of University of Connecticut students.

In response to the plaintiff's revised complaint, the state denied that it had acted negligently or recklessly with respect to the conditions in the parking lot on the day the plaintiff was injured. The state also alleged as a special defense that the plaintiff was contributorily

negligent in causing his injuries.

On July 2, 2015, the plaintiff claimed the action to the jury trial list. On July 6, 2015, the state filed a motion to strike the plaintiff's action from the jury list. In its accompanying memorandum, the state argued that the plaintiff had no right to a jury trial in an action against the state where sovereign immunity had been waived pursuant to § 4-159 because General Statutes § 4-160 (f) expressly provides that "[i]ssues arising in such actions shall be tried to the court without a jury."

In response to the state's motion to strike the plaintiff's action from the jury list, the plaintiff argued that the "actions" referenced in § 4-160 (f) did not include an action authorized by the General Assembly pursuant to § 4-159. The plaintiff further argued that § 4-159 (c) granted him the right to a jury trial. That subsection provides: "The General Assembly may grant the claimant permission to sue the state under the provisions of this section when the General Assembly deems it just and equitable and believes the claim to present an issue of law or fact under which the state, *were it a private person*, could be liable." (Emphasis added.) General Statutes §  4-159 (c).

Specifically, the plaintiff argued that if his action were brought against a private person, he would undeniably have a right to a jury trial and, thus, he has a right to a jury trial against the state because it must be treated as if it were a private person. The plaintiff further argued that §§ 4-160 (f) and 4-159 (c) must be construed in this manner because a contrary construction would violate his constitutional right to a jury trial under article first, § 19, of the state constitution.

On July 7, 2015, the court, *Hon. George N. Thim*, judge trial referee, heard oral argument on the state's motion to strike the plaintiff's action from the jury list. The court subsequently granted the state's motion, concluding that § 4-160 (f) barred a trial by jury in this action. The court reasoned that the language in subsections (c) and (d) of § 4-160 clearly indicated that the phrase "such actions" in § 4-160 (f) included actions authorized by the General Assembly pursuant to § 4-159.[7]

A trial to the court was conducted by the *Hon. Edward F. Stodolink*, judge trial referee, immediately thereafter. On December 2, 2015, the court rendered judgment for the state on both counts of the plaintiff's complaint. On January 26, 2016, the plaintiff filed the present appeal, challenging Judge Thim's ruling on the state's motion to strike the plaintiff's action from the jury list.

On appeal, the plaintiff claims that the court improperly granted the state's motion to strike his action from the jury list because, contrary to the plain language in § 4-160 (f), he has a constitutional right to a jury trial

under article first, § 19, of the Connecticut constitution. The plaintiff also claims that §§ 4-159 (c) and 4-160 (c) grant him the right to a jury trial.

I

We first address the plaintiff's constitutional claim. The plaintiff claims that he has a constitutional right to a jury trial under article first, § 19, of the Connecticut constitution, which provides, in relevant part, that "[t]he right of a trial by jury shall remain inviolate . . . ." Specifically, he argues that because a plaintiff had a right to a jury trial in a negligence action seeking monetary damages at the time of the adoption of the constitutional provision, he has a right to a jury trial in this negligence action seeking monetary damages against the state of Connecticut. We disagree.

The plaintiff's claim presents a question of law over which we exercise plenary review. See *Bysiewicz* v. *Dinardo*, 298 Conn. 748, 788 n.38, 6 A.3d 726 (2010). Article first, § 19, of our state constitution "has been consistently construed by Connecticut courts to mean that if there was a right to a trial by jury at the time of the adoption of the provision, then that right remains intact." *Skinner* v. *Angliker*, 211 Conn. 370, 373–74, 559 A.2d 701 (1989). "Accordingly, in determining whether a party has a right to a trial by jury under the state constitution . . . the court must ascertain whether the action being tried is similar in nature to an action that could have been tried to a jury in 1818 when the state constitution was adopted. This test requires an inquiry as to whether the course of action has roots in the common law, and if so, whether the remedy involved was one in law or equity. If the action existed at common law and involved a legal remedy, the right to a jury trial exists and the legislature may not curtail that right either directly or indirectly." Id., 375–76.

In *Skinner*, however, our Supreme Court concluded that "to entitle one to a right to a jury trial, it is not enough that the nature of the plaintiff's action is legal rather than equitable; the action must also be brought *against a defendant who was suable at common law in* [*1818*]." (Emphasis added; internal quotation marks omitted.) Id., 378. Thus, article first, § 19, of the state constitution grants a litigant the right to a jury trial only if the cause of action alleged is (1) the same or similar in nature to an action that could have been tried to a jury in 1818, and (2) brought against a defendant who was suable at common law in 1818.

In Connecticut, "[w]e have long recognized the common-law principle that the state cannot be sued without its consent. . . . The doctrine of sovereign immunity protects the state, not only from ultimate liability for alleged wrongs, but also from being required to litigate whether it is so liable." (Internal quotation marks omitted.) *Henderson* v. *State*, 151 Conn. App. 246, 256, 95

A.3d 1 (2014). "In its pristine form the doctrine of sovereign immunity would exempt the state from suit entirely, because the sovereign could not be sued in its own courts . . . ." (Internal quotation marks omitted.) *Skinner* v. *Angliker*, supra, 211 Conn. 377.

The plaintiff argues that, prior to 1818, "negligence cases against governmental officials or against a government entity [for monetary damages] were tried to a jury." The plaintiff, however, provides no authority, nor are we aware of any, that supports his assertion. Rather, the plaintiff cites only to cases in which the defendant is a municipality or a municipal employee. See *Calkins* v. *Hartford*, 33 Conn. 57 (1865) (negligence action against city of Hartford); *Drake* v. *Chester*, 2 Conn. 473 (1818) (action against sheriff of Hartford county); *Ackley* v. *Chester*, 5 Day 221, 221 (1811) (action against sheriff of Hartford county); *Duryee* v. *Webb*, 8 F. Cas. 136 (D. Conn. 1810) (No. 4198) (action against sheriff of Windham county), reprinted in *Palmer* v. *Gallup*, 16 Conn. 555, 558 n.(a) (1844); *Swift* v. *Berry*, Superior Court, 1 Root 448 (1792) (action against town).

A municipality and the state are fundamentally different entities. Our Supreme Court has long held that there are "inherent differences in the nature of the governmental immunity enjoyed by municipalities as contrasted with the sovereign immunity enjoyed by the state. Governmental immunity, which applies to municipalities, is different in historic origin, scope and application from the sovereign immunity enjoyed by the state. A suit against a municipality is not a suit against a sovereign. Towns have no sovereign immunity, and are capable of suing and being sued . . . in any action. . . . Municipalities do, in certain circumstances, have a governmental immunity from liability. . . . But that is entirely different from the state's sovereign immunity from suit . . . ." (Emphasis omitted; internal quotation marks omitted.) *Vejseli* v. *Pasha*, 282 Conn. 561, 573, 923 A.2d 688 (2007). Thus, the fact that a litigant was able to bring suit against a municipality prior to 1818 does not support the plaintiff's claim that he has a right to a jury trial in the present case.

Our conclusion that the plaintiff has no constitutional right to a jury trial is supported by prior decisions of our Supreme Court. In *Skinner*, our Supreme Court concluded that "there was no right of jury trial in an action brought against the state pursuant to General States § 31-51q for violation of the first amendment rights of an employee who had been discharged after complaining that he had witnessed other members of the staff abusing patients at a state mental hospital . . . [because] [n]o principle of common law, prior to 1818, *allowed actions against the state* for wrongful discharge or related claims and . . . it cannot be maintained that under the common law in 1818 a jury trial was a matter of right for persons asserting a claim

against the sovereign." (Emphasis in original; internal quotation marks omitted.) *Canning* v. *Lensink*, 221 Conn. 346, 351, 603 A.2d 1155 (1992) (discussing *Skinner*).

Similarly, in *Canning*, our Supreme Court concluded that there was no right to a jury trial in a wrongful death action brought pursuant to General Statute § 19a-24 against state employees in their official capacity, reasoning that "because the doctrine of sovereign immunity barred actions against the state prior to the adoption of the state constitution in 1818, there is no constitutional right of jury trial in civil actions based on statutes effectively waiving such immunity in particular situations." Id., 353. In the present case, like in *Skinner* and *Canning*, the plaintiff has not established that he would have been able to bring the action he now alleges against the state prior to 1818. Therefore, article first, § 19, of the state constitution does not afford him a constitutional right to a jury trial in this case.[8]

## II

The plaintiff next claims that §§ 4-159 (c) and 4-160 (c) grant him the right to a jury trial. Specifically, he argues that the language in §§ 4-159 (c) and 4-160 (c) mandates that a litigant who is granted permission by the General Assembly to bring an action against the state pursuant to § 4-159 has the same rights as would a theoretical litigant who brought that action against a private person. The plaintiff asserts that, because a litigant who brings a negligence action for monetary damages against a private person has the right to a jury trial, so too does he. We disagree.

Whether §§ 4-159 (c) and 4-160 (c) confer upon the plaintiff the right to a jury trial presents an issue of statutory interpretation over which we exercise plenary review. See *Miller* v. *Egan*, 265 Conn. 301, 327, 828 A.2d 549 (2003). "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and ambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *Commissioner of Public Safety* v. *Freedom of Information Commission*, 312 Conn. 513, 527, 93 A.3d 1142 (2014).

Section 4-159 (c) provides that "[t]he General Assembly may grant the claimant permission to sue the state under the provisions of this section when the General Assembly deems it just and equitable and believes the claim to present an issue of law or fact under which the state, were it a private person, could be liable." The

plaintiff argues that because the legislature chose to equate the state to a "private person," it thereby granted to him the same rights he would have if the defendant were a private person, including the right to a jury trial.

It is clear from the plain language of § 4-159 (c), however, that the legislature did not intend to confer upon the plaintiff, or any other litigant authorized to bring a claim under § 4-159, the right to a jury trial. "When the state, by statute, waives its immunity to suit . . . the right to a jury trial cannot be implied, but rather, must be affirmatively expressed." (Internal quotation marks omitted.) *Canning* v. *Lensink*, supra, 221 Conn. 354; accord *Skinner* v. *Angliker*, supra, 211 Conn. 381. Nowhere in § 4-159 (c) does the legislature use the phrase "jury trial," nor does the statute reference a litigant's personal rights. Rather, § 4-159 (c) merely addresses the standard under which the General Assembly will decide whether to waive sovereign immunity. In other words, the reference to a private person in the statute only pertains to the preliminary determination made by the legislature in deciding whether to grant permission to sue, i.e., whether it is just and equitable and whether the state could be held liable if it were a private person. The language cannot be fairly construed as a grant to the plaintiff of all the rights he would have had if the action were brought against a private person rather than the state.

The plaintiff further argues that similar language in § 4-160 (c) compels the same result. Section 4-160 (c) provides: "In each action authorized by the Claims Commissioner pursuant to subsection (a) or (b) of this section or by the General Assembly pursuant to section 4-159 or 4-159a, the claimant shall allege such authorization and the date on which it was granted, except that evidence of such authorization shall not be admissible in such action as evidence of the state's liability. The state waives its immunity from liability and from suit in each such action and waives all defenses which might arise from the eleemosynary or governmental nature of the activity complained of. *The rights and liability of the state in each such action shall be coextensive with and shall equal the rights and liability of private persons in like circumstances.*" (Emphasis added.)

Although this language is somewhat more suggestive of the result the plaintiff seeks, his argument regarding § 4-160 (c) is completely undermined by the fact that a separate subsection of that same statute, namely, § 4-160 (f), expressly provides that "such actions" brought against the state pursuant to § 4-159 shall be tried to the court, not a jury. To interpret § 4-160 (c) as conferring a right to a jury trial when § 4-160 (f) expressly prohibits it would be nonsensical. It is a well established tenet of statutory construction that, "if possible, the component parts of a statute should be construed harmoniously in order to render an overall reasonable interpretation."

(Internal quotation marks omitted.) *Board of Education* v. *State Board of Education*, 278 Conn. 326, 333, 898 A.2d 170 (2006). "[C]onsistent with the aforementioned principle, the legislature is always presumed to have created a harmonious and consistent body of law . . . . [T]his tenet of statutory construction requires [this court] to read statutes together when they relate to the same subject matter . . . . Accordingly, [i]n determining the meaning of a statute . . . we look not only at the provision at issue, but also to the broader statutory scheme to ensure the coherency of our construction. . . . [T]he General Assembly is always presumed to know all the existing statutes and the effect that its action or non-action will have upon any one of them." (Internal quotation marks omitted.) Id., 333–34.

The interpretation of § 4-160 (c) suggested by the plaintiff is unreasonable because it would compel a result contrary to the plain language of § 4-160 (f).[9] The legislature's intent is clear: Actions brought against the state pursuant to the General Assembly's waiver of sovereign immunity must be tried to a court, not a jury. The mere fact that the language of § 4-160 (c) dictates that the state's liability for damages shall be equal to the liability of a private person does not mean that the language can be stretched to address the manner in which that liability shall be determined, that is, by jury or court trial. The legislature's inclusion of subsection (f) in § 4-160 eliminates any question regarding its intent that actions, like the one the General Assembly permitted the plaintiff to bring, shall be tried to the court rather than a jury. We, therefore, reject the plaintiff's claim that he has a statutory right to a jury trial.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The trial court granted the defendants' motion to dismiss the action as to the plaintiff Kleber O. Perez and he did not participate in this appeal. Our references in this opinion to the plaintiff are to Christian Perez.

[2] The plaintiff initially brought an action against both the state of Connecticut and the University of Connecticut. The defendants, however, filed a joint motion to dismiss the action against the University of Connecticut for lack of subject matter jurisdiction. The defendants argued that Connecticut law does not permit the University of Connecticut to be named as a defendant in such actions. The court subsequently granted the defendants' motion, concluding that the University of Connecticut is an agent of the state and, therefore, that the state was the real party in interest. That determination has not been challenged in this appeal.

[3] We note that our Supreme Court is considering a similar claim in *Smith* v. *Rudolph*, SC 20008. The plaintiff in that case was driving to work on the morning of October 23, 2012, when he was hit by a passenger bus owned by the state of Connecticut Department of Transportation and driven by William Rudolph. The defendant moved to strike the plaintiff's action from the jury list, arguing that General Statutes § 52-556, pursuant to which the plaintiff was authorized to bring his action against the state, did not grant him the right to a jury trial. The trial court granted the defendant's motion and the case was tried to the court. The plaintiff appealed the court's order striking the action from the jury list and our Supreme Court transferred the appeal from this court to itself. On appeal, the plaintiff claims that § 52-556 permits a jury trial in an action against the state and that to construe the statute otherwise violates article first, § 19 of the state constitution. *Smith* was argued on March 27, 2018.

[4] General Statutes § 4-159 (a) provides in relevant part: "Not later than

five days after the convening of each regular session and at such other times as the speaker of the House of Representatives and president pro tempore of the Senate may desire, the Office of the Claims Commissioner shall submit to the General Assembly . . . (2) all claims for which a request for review has been filed pursuant to subsection (b) of section 4-158 . . . .”

[5] General Statutes § 4-159 (b) provides in relevant part: “The General Assembly shall:

“(1) With respect to a decision of the Claims Commissioner ordering the denial or dismissal of a claim pursuant to subdivision (1) of subsection (a) of section 4-158:

“(A) confirm the decision; or

“(B) vacate the decision and, in lieu thereof, (i) order the payment of the claim in a specified amount, or (ii) authorize the claimant to sue the state . . . .”

[6] See footnote 2 of this opinion.

[7] Section 4-160 (c) explicitly refers to actions authorized by the General Assembly pursuant to § 4-159.

[8] The plaintiff also claims on appeal that § 4-160 (f) is unconstitutional because it conflicts with article first, § 19, of the state constitution, which declares that “[t]he right of a trial by jury shall remain inviolate.” Arguably, this claim is not preserved. Even if it is preserved, it is without merit in light of our conclusion that article first, § 19, grants the plaintiff no such right in an action brought pursuant to an authorization by the General Assembly under § 4-159. Thus, we determine that § 4-160 (f), which governs actions brought pursuant to § 4-159, does not conflict with article first, § 19, of the state constitution.

[9] At various points throughout these proceedings, the plaintiff argued that § 4-160 (f) does not apply to an action brought pursuant to § 4-159. The plaintiff now argues, however, that § 4-160 (c) does apply to an action brought pursuant to § 4-159. The plaintiff cannot cherry pick which subsections of § 4-160 apply to his action. Sections 4-159 and 4-160 are part of a broader statutory scheme, often referred to as the Claims Commissioner statutes, and must be read together. Cf. *Board of Education* v. *State Board of Education*, supra, 278 Conn. 333.