PALMER, J.
**139 *994 This appeal requires us to determine whether there is a right to a jury trial in an action **140 brought pursuant to General Statutes § 52-556,[1] which waives sovereign immunity for claims arising from a state employee's negligent operation of a state owned motor vehicle. The named plaintiff, Anthony Smith,[2] commenced this action, pursuant to § 52-556, against the defendant Department of Transportation,[3] seeking damages stemming from an accident that occurred when a bus owned and operated by the state collided with a vehicle that the plaintiff was driving. After the plaintiff claimed the action to the jury trial list, the defendant filed a motion to strike the case from that list on the ground that a jury trial is not authorized by § 52-556. The trial court granted the defendant's motion, and a trial to the court ensued, following which the court rendered judgment for the plaintiff, awarding him damages. The plaintiff appeals[4] from that judgment, claiming that the trial court incorrectly determined that § 52-556 does not afford him the right to a jury trial. Relying on the established principle that a common-law negligence action carries with it the right to a jury trial, the plaintiff maintains that, even though § 52-556 does not expressly provide for a jury trial, that provision **141 constitutes a waiver of sovereign immunity that permits such an action against the state, thereby entitling him to a trial by jury. The defendant contends that § 52-556 does not give rise to a common-law negligence claim but, rather, creates a new cause of action, unknown at common law, such that the plaintiff has no right to a jury trial. We agree with the defendant, and, accordingly, we affirm the judgment of the trial court.
The record reveals the following undisputed facts and procedural history. On October 23, 2012, the plaintiff was driving to work when his vehicle was struck by a bus owned by the state and operated by a state employee, who was driving the bus within the scope of his employment. The accident occurred when the operator drove the bus through a red light at the intersection of West Main Street and South High Street in the city of New Britain and collided with the plaintiff's vehicle as the plaintiff, who had a green light, was lawfully negotiating a left turn at that intersection. The plaintiff's vehicle was damaged, and the plaintiff sustained injuries to his neck, back and legs.
The plaintiff sought damages stemming from the bus operator's alleged negligence, and, subsequently, the plaintiff claimed the case for a jury trial. The defendant moved *995 to strike the case from the jury docket on the ground that no jury trial was authorized under § 52-556. Thereafter, the trial court, Abrams , J. , granted the defendant's motion and ordered the case transferred from the jury list to the court trial list. The plaintiff filed a motion for reconsideration of the trial court's decision, which the court denied. Thereafter, the court issued a memorandum of decision explaining why the plaintiff was not entitled to a jury trial. The plaintiff then filed a notice of intention to appeal that from that decision. Following a court trial, the trial court, Young , J. , rendered judgment for the plaintiff and awarded **142 damages in the amount of $31,953.12. This appeal followed.[5]
On appeal, the plaintiff claims that the trial court improperly struck the case from the jury docket because § 52-556 authorizes a trial by jury. The plaintiff argues that the statute is a waiver of sovereign immunity that permits an action long recognized at common law-one sounding in ordinary negligence-to be brought against the state. In support of this contention, the plaintiff maintains that the legislature, by including the word "negligence" in the statute, intended to incorporate the substantive legal principles that govern such common-law actions, including the right to a jury trial, which, this court has determined, is guaranteed under article first, § 19, of the Connecticut constitution.[6] In response, the defendant contends that the right to a jury trial cannot be implied in a statute waiving sovereign immunity but, rather, must be affirmatively expressed in the statutory language. We agree with the defendant that, because § 52-556 does not expressly provide for a right to a jury trial, the trial court properly struck the plaintiff's case from the jury docket.[7]
As a preliminary matter, we set forth the legal principles that govern our resolution of the plaintiff's claim. Whether there is a right to a jury trial under § 52-556 **143 presents an issue of statutory interpretation, over which we exercise plenary review. See, e.g., Perry v. Perry , 312 Conn. 600, 622, 95 A.3d 500 (2014). "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature.... In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply.... In seeking to determine that meaning [General Statutes] § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered.... When a statute is not plain and unambiguous, we also *996 look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter ...." (Internal quotation marks omitted.) Rivers v. New Britain , 288 Conn. 1, 10-11, 950 A.2d 1247 (2008).
The general principles governing sovereign immunity are well established. "[W]e have long recognized the validity of the common-law principle that the state cannot be sued without its consent ...." (Internal quotation marks omitted.) Cox v. Aiken , 278 Conn. 204, 211, 897 A.2d 71 (2006). "[A] litigant that seeks to overcome the presumption of sovereign immunity [pursuant to a statutory waiver] must show that ... the legislature, either expressly or by force of a necessary implication, statutorily waived the state's sovereign immunity .... In making this determination, [a court shall be guided by] the well established principle that statutes in derogation **144 of sovereign immunity should be strictly construed.... [When] there is any doubt about their meaning or intent they are given the effect which makes the least rather than the most change in sovereign immunity.... Furthermore, because such statutes are in derogation of the common law, [a]ny statutory waiver of immunity must be narrowly construed ... and its scope must be confined strictly to the extent the statute provides." (Citation omitted; internal quotation marks omitted.) Housatonic Railroad Co. v. Commissioner of Revenue Services , 301 Conn. 268, 288-89, 21 A.3d 759 (2011).
In determining whether there is a right to a jury trial in an action brought under § 52-556, we are mindful that article first, § 19, of the state constitution "has been consistently construed by Connecticut courts to mean that if there was a right to a trial by jury at the time of the adoption of the provision, then that right remains intact." (Internal quotation marks omitted.) Skinner v. Angliker , 211 Conn. 370, 373-74, 559 A.2d 701 (1989). Thus, "in determining whether a party has a right to a trial by jury under the state constitution ... the court must ascertain whether the action being tried is similar in nature to an action that could have been tried to a jury in 1818 when the state constitution was adopted. This test requires an inquiry [into] whether the [cause] of action has roots in the common law, and, if so, whether the remedy involved was one in law or equity. If the action existed at common law and involved a legal remedy, the right to a jury trial exists, and the legislature may not curtail that right either directly or indirectly." Id., at 375-76, 559 A.2d 701. Significantly, however, this court has also determined that, "to entitle one to a right to a jury trial, it is not enough that the nature of the plaintiff's action is legal rather than equitable; the action must also be brought against a defendant who was **145 suable at common law in [1818 ]." (Emphasis added; internal quotation marks omitted.) Id., at 378, 559 A.2d 701.
Thus, in Canning v. Lensink , 221 Conn. 346, 603 A.2d 1155 (1992), we concluded that there is no right to a jury trial in a wrongful death action brought pursuant to General Statutes (Rev. to 1987) § 19a-24 against the Commissioner of Mental Retardation and his employees in their official capacity, explaining that, "because the doctrine of sovereign immunity barred actions against the state prior to the adoption of the state constitution in 1818, there is no constitutional right of jury trial in civil actions based on statutes effectively waiving such immunity in particular situations ."
*997 (Emphasis added.) Id., at 353, 603 A.2d 1155. We proceeded to explain, moreover, that, when a statute waiving sovereign immunity does not either expressly preclude the right to a jury trial or provide for that right, "we have concluded that the legislature intended that the action should be tried without a jury."[8] Id., at 354, 603 A.2d 1155. This is because, "[w]hen the state, by statute, waives its immunity to suit ... the right to a jury trial cannot be implied but, rather, must be affirmatively expressed ." (Emphasis added.) Skinner v. Angliker , supra, 211 Conn. at 381, 559 A.2d 701 ; accord Canning v. Lensink , supra, at 354, 603 A.2d 1155.
Turning to the relevant statutory language in the present case, we observe that § 52-556 provides that "[a]ny person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against **146 personal injuries or property damage shall have a right of action against the state to recover damages for such injury." The statute neither expressly grants nor precludes the right to a jury trial. See Rodriguez v. State , 155 Conn. App. 462, 470 n.8, 110 A.3d 467 (" § 52-556 appears to contain no language, express or implied, that grants a right to a jury trial to a claimant seeking to recover under its provisions"), cert. granted, 316 Conn. 916, 113 A.3d 71 (2015) (appeal withdrawn December 15, 2015). The only language in § 52-556 that even arguably may be read to reflect an intent by the legislature to provide for a jury trial is the term "negligence," but, at the very most, such a legislative intent may only be implied by the use of that term. As we have explained, we will construe a statute waiving sovereign immunity as providing for a right to a jury trial only if that right is granted expressly; language that may be construed as containing an implied grant of that right will not suffice. See Skinner v. Angliker , supra, 211 Conn. at 381, 559 A.2d 701.
Indeed, the language of § 52-556 stands in marked contrast to at least one other statute that waives sovereign immunity-the state's highway defect statute, General Statutes § 13a-144 -in which the legislature expressly provided for the right to a jury trial. If the legislature intended for § 52-556 to include the right to a jury trial, the legislature could have, and likely would have, included such a provision in the statute. See, e.g., State v. Heredia , 310 Conn. 742, 761, 81 A.3d 1163 (2013) ("[w]hen a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject ... is significant to show that a different intention existed" [internal quotation marks omitted] ); see also State v. Bush , 325 Conn. 272, 290, 157 A.3d 586 (2017) ("[w]e are not permitted to supply statutory language that the legislature may have chosen to omit" [internal quotation **147 marks omitted] ). Moreover, the plaintiff cites to no legislative history, and we have found none, that supports his contention. Accordingly, and mindful of the general principle that we are to strictly construe waivers of *998 sovereign immunity so as to make the least, rather than the greatest, change in that immunity; see, e.g., Housatonic Railroad Co . v. Commissioner of Revenue Services , supra, 301 Conn. at 289, 21 A.3d 759 ; we agree with the defendant that there is no right to a jury trial for actions brought under § 52-556. See Skinner v. Angliker , supra, 211 Conn. at 381, 559 A.2d 701.
In arguing to the contrary, the plaintiff relies on Babes v. Bennett , 247 Conn. 256, 721 A.2d 511 (1998), for the proposition that, "[b]ecause the language of § 52-556 expressly waives the state's immunity from suit based on common-law negligence, it appears that the legislature intended § 52-556 to incorporate the principles governing existing common-law negligence actions, and that the statute was not intended to create a separate statutory action to which different principles of liability and damages would apply." Id., at 263-64, 721 A.2d 511. In reliance on this language, the plaintiff asserts that the legislature, in enacting § 52-556, intended that the substantive rules governing negligence actions generally would apply to actions brought under § 52-556, including, in particular, the right to a jury trial guaranteed by article first, § 19, of the Connecticut constitution. We are not persuaded by this argument. As we have explained, prior to 1818, there was no right to a jury trial for a negligence action against the state because the doctrine of sovereign immunity barred such an action, and, consequently, "there is no constitutional right of jury trial in civil actions based on statutes effectively waiving such immunity in particular situations." Canning v. Lensink , supra, 221 Conn. at 353, 603 A.2d 1155.
Moreover, the legislature's use of the word "negligence" in § 52-556 merely addresses the circumstance **148 under which the legislature has waived sovereign immunity but does not purport to confer the right to a jury trial. In other words, in enacting § 52-556, the legislature simply sought to waive the immunity otherwise available to the state for the negligence of certain of its employees, nothing more and nothing less. Our conclusion in this regard finds support in a case recently decided by the Appellate Court. See Perez v. University of Connecticut , 182 Conn. App. 278, 189 A.3d 664 (2018). In Perez , the Appellate Court was required to determine whether General Statutes § 4-159 (c),[9] which authorizes the legislature to permit certain claims to be brought against the state, entitled Christian Perez, the plaintiff in that negligence action, to a jury trial because that provision contains language indicating generally that the state should be held liable as if it "were ... a private person ...." General Statutes § 4-159 (c) ; see Perez v. University of Connecticut , supra, at 288, 189 A.3d 664. In rejecting the contention that Perez had a right to a jury trial, Judge Prescott explained that § 4-159 (c)"merely addresses the standard under which the General Assembly will decide whether to waive sovereign immunity"; Perez v. University of Connecticut , supra, at 288, 189 A.3d 664 ; and was not intended to serve "as a grant to [Perez] of all the rights he would have had if the action [had been] brought against a private person rather than the state," including the right to a trial by jury. Id., at 289, 189 A.3d 664. We reach the same conclusion in the present case.
Finally, the plaintiff asserts that "[n]umerous cases have been brought against *999 state employees or officials for negligent operation of a motor vehicle since the earliest enactment of ... § 52-556" and that "[m]any **149 of these cases have permitted a jury trial." Contrary to the suggestion of the plaintiff, however, the mere fact that some cases brought under § 52-556 have been tried to a jury does not mean that a jury trial is authorized thereunder. In those cases, both the court and the parties may have assumed that § 52-556 grants that right, but any such assumption is irrelevant for purposes of our analysis. More important, the plaintiff cites no instances in which a case brought pursuant to § 52-556 proceeded to a jury trial after a motion to strike the claim from the jury trial list had been filed. We therefore find no merit in the plaintiff's claim that § 52-556 entitles him to a jury trial simply because other cases brought pursuant to that provision have been tried-without objection-to a jury.
For the foregoing reasons, we conclude that there is no right to a jury trial for an action brought under § 52-556. Accordingly, the trial court properly struck the present action from the jury trial list so that the case would be tried to the court.
The judgment is affirmed.
In this opinion the other justices concurred.

General Statutes § 52-556 provides: "Any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for such injury."

The named plaintiff's wife, Marilyn Smith, also was a party to this action. Her loss of consortium claim against the named defendant, William J. Rudolph, was withdrawn and her remaining loss of consortium claim against the defendant Department of Transportation was dismissed. In the interest of simplicity, we refer to Anthony Smith as the plaintiff throughout this opinion.

Because all of the claims asserted against the named defendant, William J. Rudolph, previously were withdrawn, the Department of Transportation is the sole remaining defendant in this action. In the interest of simplicity, we refer to the Department of Transportation as the defendant throughout this opinion.

The plaintiff appealed to the Appellate Court from the judgment of the trial court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

After this appeal was filed, we granted the application of the Connecticut Trial Lawyers Association to file an amicus curiae brief in support of the plaintiff's claim.

Article first, § 19, of the Connecticut constitution provides: "The right of trial by jury shall remain inviolate."

The plaintiff also claims that the activity in which the bus operator was engaged when the accident occurred, namely, driving a bus, implicates a ministerial duty for which there is no sovereign immunity. The plaintiff cannot prevail on this claim for two reasons. First, there is nothing in the trial court record or in the record before us to rebut the defendant's contention that this claim was not advanced in the trial court, and, therefore, it is not properly preserved. Second, in contrast to principles governing governmental or municipal liability, we never have recognized an exception to sovereign immunity predicated on a ministerial duty.

In Canning , the court distinguished statutes waiving sovereign immunity that are silent with respect to the right to a jury trial from those that expressly preclude such a right; see, e.g., General Statutes § 4-61 (a) (requiring court trial in actions against state on highway and public works contracts); General Statutes § 4-160 (f) (requiring court trial in actions against state authorized by claims commissioner); and from those that expressly provide for such a right; see General Statutes § 13a-144 (permitting plaintiff to elect jury trial in action to recover damages for injuries sustained on state highways or sidewalks). See Canning v. Lensink , supra, 221 Conn. at 354, 603 A.2d 1155.

General Statutes § 4-159 (c) provides: "The General Assembly may grant the claimant permission to sue the state under the provisions of this section when the General Assembly deems it just and equitable and believes the claim to present an issue of law or fact under which the state, were it a private person, could be liable."